STATE OF MISSOURI at the relation of WILLIAM STEINBRUEGGE, Doing Business as WEST FLORISSANT MOTOR SALES, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—115 S. W. (2d) 802.

Court en Banc, April 21, 1938.

*A. A. Alexander* and *T. J. Crowder* for relator.

*Eagleton, Waechter, Yost, Elam & Clark* for respondents.

GANTT, J.—Relator seeks to have quashed the opinion of the St. Louis Court of Appeals in Waters v. Joseph Hays, and Wm. Steinbruegge, doing business as the West Florissant Motor Sales Co., 103 S. W. (2d) 498. In that case plaintiff sought recovery for personal injuries sustained when struck by Steinbruegge's automobile in the city of St. Louis. At the time of the collision defendant Hays was riding in the automobile and was in the general employ of Steinbruegge as an automobile salesman. Judgement for $3,000 against both defendants. Steinbruegge appealed.

In the Court of Appeals, error was assigned on the refusal of the trial court, at the close of the evidence, to direct a verdict for Steinbruegge. It was contended that there was no evidence tending to show that at the time plaintiff was injured, Hays was acting within the scope of his employment as a salesman for Steinbruegge. The assignment was overruled and the judgment affirmed. For a full statement of the facts, refer to Waters v. Hays et al., supra.

It is here contended that said ruling is in conflict with Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854, a decision of this court en banc.

The rule is stated in the Guthrie case as follows:

" 'Proof that the automobile belonged to defendant, and was being operated by defendant's regularly employed chauffeur, was prima-facie sufficient showing that the chauffeur was acting within the scope of his employment, and the burden of evidence shifted to the defendant to show the contrary.'

"We are inclined to the view that this does not too broadly state the presumption of fact (which arises from the proof of ownership of the car and proof of the general employment of the chauffeur) to the effect that such chauffeur was within the scope of his employment. To state it differently, if it be proved (as here) that

the car owned by defendant, and if it be further proved (as here) that the chauffeur was in the general employment of defendant, then the presumption arises that such chauffeur was within the scope of his employment when the accident occurred. This, however, is as broad as the rule goes. From such a showing the plaintiff has a prima-facie case resting upon this presumption. Presumptions of this character (like all presumptions as to a fact in a case) take flight upon the appearance in evidence of the real facts. In Berry on Law of Automobiles, (2 Ed.), section 615, page 694, the doctrine is well stated:

" 'This presumption cannot stand in the face of positive proof of facts to the contrary; and where the plaintiff has relied upon such presumption and it has been opposed by positive evidence to the contrary, he must then produce evidence tending to disprove the defendant's positive testimony, or his prima-facie case will fall. The presumption in question is rather a frail thing. It is unlike an inference that arises upon the proof of certain facts, and which is necessarily true if the facts are true. It rests upon the facts that the automobile was owned by the defendant and that the chauffeur who was operating it was in the general employment of the defendant; neither one or both of which actually tends to prove that the chauffeur was engaged in the owner's business.' . . . .

"The rule announced in Daily v. Maxwell, 152 Mo. App. l. c. 426, is a reasonable one. It reads thus:

" ' 'All the authorities are in accord in holding that in an action based on the negligent running of an automobile the owner of the car who was not present at the infliction of the injury cannot be held liable except it be shown that the person in charge not only was the agent or servant of the owner, but also was engaged at the time in the business of his service. . . .

" ' 'Where a chauffeur, either with or without his master's consent, uses the machine for his own business or for his own pleasure and negligently inflicts injury on another, the master cannot be held liable, for the reason that the negligent act being entirely outside the scope of the servant's employment, cannot call into action the rule of *respondeat superior*. The fact of consent is material only in the solution of the issue of whether or not the use of the machine was, in fact, on business of the master.'

"To this should be added that if the ownership of the car be shown in defendant, and the chauffeur is shown to be in the general employ of the defendant, then there would be a presumption that he was in the service of the master at the time, which presumption would take flight upon the appearance in evidence of the facts themselves."

The rule announced in the Guthrie case on the question is set fourth in the preceding paragraph. Of course, the words "upon the appearance in evidence of the facts themselves" mean that the presumption would take flight upon the appearance of substantial evidence tending to show the facts. Furthermore, in so ruling, we construed the words "positive proof of facts" to the contrary." and "positive evidence to the contrary," as used in the quotation from Berry on Law of Automobiles, to mean substantial evidence tending to show facts to the contrary.

■ In the instant case plaintiff introduced substantial evidence tending to show that Steinbruegge was the owner of the automobile that struck plaintiff; that defendant Hays was in the general employ of Steinbruegge, and that at the time the automobile struck plaintiff, Hays was driving the same. From this testimony, a presumption arose that at said time Hays was acting within the scope of his employment.

Defendant then introduced substantial evidence tending to show that Hays was not at said time acting within the scope of his employment. Thereupon, the presumption disappeared. Of course, the evidence introduced by plaintiff, from which the presumption arose, did not disappear. On the contrary, the fixed rule with reference to the evidence for consideration on demurrer must be followed.

In ruling the assignment on the demurrer, the Court of Appeals incorrectly stated the rule as follows:

"It is the law that when plaintiff proved appellant's ownership of this Chevrolet sedan, and that it was being driven by a regular employee of the appellant, the presumption arose that said employee was driving it in the service of the appellant. This presumption having arisen, it remained in the case to the end, unless it was destroyed by positive, unequivocal and unimpeached testimony adduced by the appellant showing that the driver was not driving the car in the service of the appellant."

After thus stating the rule, said court incorrectly ruled that the evidence introduced by defendant did not destroy the presumption which arose on the evidence introduced by plaintiff.

In the Guthrie case we did not rule that "unequivocal" and "unimpeached" testimony on the part defendant was necessary to destroy the presumption. We ruled that upon the appearance of substantial evidence tending to show the facts, the presumption disappeared. In said case defendant's evidence destroyed the presumption. Plaintiff introduced no evidence in rebuttal contrary to defendant's evidence. In ruling the demurrer at the close of the evidence, we followed the fixed rule with reference to the evidence for consideration on demurrer, and found no substantial evidence

tending to show that the employee, at the time of the injury to plaintiff in said case, was acting within the scope of his employment.

The above-stated rule announced by the Court of Appeals and its ruling that the presumption did not disappear on the introduction of defendant's evidence, is in conflict with the ruling of this court in the Guthrie case. It follows that its record and judgment in the instant case should be quashed. It is so ordered. All concur, except *Hays, C. J.*, absent.