STATE OF MISSOURI at the relation of RAYMOND G. WATERS, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—126 S. W. (2d) 1164.

Court en Banc, April 4, 1939.

*Eagleton, Waechter, Elam & Clark* for relator.

*A. A. Alexander* and *T. J. Crowder* for respondents.

ELLISON, J.—Certiorari bringing up the record in Waters v. Hays et al., 118 S. W. (2d) 39, from the St. Louis Court of. Appeals. Our writ has been issued to the judges of that court twice in the cause, first at the instance of one of the defendants and this time at the relation of the plaintiff Waters. He sued Joseph Hays and William Steinbruegge in the Circuit Court of St. Louis for damages for personal injuries suffered when he was struck by an automobile driven by Hays and owned by Steinbruegge. He recovered a judgment against both defendants for $3000, from which Steinbruegge appealed, and the Court of Appeals affirmed it, Waters v. Hays, 103 S. W. (2d) 498. This court en banc in State ex rel. Steinbruegge v. Hostetter, 342 Mo. 341, 115 S. W. (2d) 802, quashed the opinion of the Court of Appeals. The respondent judges thereupon wrote the opinion here under review, reversing the cause on the theory that our decision in the case made it incumbent on them to do so.

The plaintiff-relator, Waters, denies that our decision called for any such result. In the present certiorari proceeding he assails the second opinion of the Court of Appeals contending that instead of conforming to it conflicts with our aforesaid decision, in this: (1) it holds our opinion ruled the plaintiff's evidence was insufficient to take the case to the jury, when in fact we made no such ruling; (2) it holds our opinion ruled proof showing automobile dealer's license plates were displayed on the car at the time of the collision did not constitute substantial evidence that the car was then being used by Hays in the service of Steinbruegge, when in fact we made no such ruling.

. Respondents' opinion under review (118 S. W. (2d) 39) refers to and quotes from their former opinion (103 S. W. (2d) 498) and our opinion (342 Mo. 341, 115 S. W. (2d) 802), and in part makes them the basis for its ruling. The undisputed evidence is that Steinbruegge was engaged in business as a dealer in new and old motor vehicles; that he was the owner of the car which struck Waters; that it was a used car and was for sale; that the car with Steinbruegge's knowledge carried his dealer's license plates, issued under Section 7764, Revised Statutes 1929 (Mo. Stat. Ann., p. 5186); and that the defendant Hays was in the general employ of Steinbruegge as a salesman of such cars. There was further (but controverted) evidence for plaintiff that Hays was driving the car at the time of the

collision. The crucial question in the case was whether the foregoing evidence was sufficient to show he was then acting within the scope of his employment. The evidence for the defense was that he was not driving the car but was merely riding in it while one of his friends drove for his own accommodation; that he had spent the evening at a social gathering, and was not acting within the scope of his employment as a salesman for Steinbruegge.

The respondents held in their first opinion (103 S. W. (2d) 1. c. 503) that the proof of Steinbruegge's ownership of the car plus the fact that Hays, the driver, was his regular employee, raised a presumption that Hays was acting in the scope of his employment; that that presumption remained in the case to the end unless it was destroyed by *positive, unequivocal* and *unimpeached* testimony to the contrary; and that no such countervailing evidence had been introduced. On this theory respondents sustained the action of the trial court in refusing defendants' instruction in the nature of a demurrer to the evidence, and affirmed the judgment for plaintiff.

When the case was brought here on certiorari the then relator, Steinbruegge, contended respondents' opinion was in conflict with Guthrie v. Holmes, 272 Mo. 215, 233, 198 S. W. 854, 858, Ann. Cas. 1918D, 1123. Our opinion in this Steinbruegge case (342 Mo. 341, 115 S. W. (2d) 1. c. 803-4) quoted at length from the Guthrie case including a part thereof taken from Berry on Law of Automobiles (2 Ed.), section 615, page 644, which did say that the presumption raised in the instances mentioned in the preceding paragraph is "a frail thing" and cannot stand in the face of positive proof of facts to the contrary. This language standing alone possibly might be thought to justify the strong words "positive," "unequivocal" and "unimpeached" used by the respondent judges of the Court of Appeals in their opinion, which we have italicised above.

But we also quoted other parts of the Guthrie case, including one taken from Daily v. Maxwell, 152 Mo. App. 415, 426, 133 S. W. 351, 354, which said that such presumptions *"take flight upon the appearance in evidence of the facts themselves."* It will be noticed these parts of the Guthrie opinion do *not* say *positive* evidence is required to overcome the presumption; on the contrary they declare the presumption takes flight on the appearance of the facts, thus treating it as a mere procedural presumption—as more recent cases specifically have done. [Bond v. St. L.-S. F. Ry. Co., 315 Mo. 987, 1000, 288 S. W. 777, 782; State ex rel. Kurz v. Bland, 333 Mo. 941, 946, 64 S. W. (2d) 638, 641.] Our holding in the Steinbruegge case was that these parts of the Guthrie case announced the controlling rule. We said: "Of course, the words 'upon the appearance in evidence of the facts themselves' mean that the presumption would take flight upon the appearance of substantial evidence tending to show the facts." And a little later the opinion declared: "In the Guthrie

case we did not rule that 'unequivocal' and 'unimpeached' testimony on the part of defendant was necessary to destroy the presumption. We ruled that upon the appearance of substantial evidence tending to show the facts, the presumption disappeared.'' The opinion further said that the expression ''positive evidence'' as used in the quotation from Berry in the Guthrie case, meant substantial evidence.

Having thus fixed the rule, our Steinbruegge opinion went on to say that upon the introduction by plaintiff of substantial evidence showing Steinbruegge was the owner of the car, and that Hays was in his general employ and was driving the car when it struck the plaintiff, a presumption arose that he was acting within the scope of his employment; but that when the defense introduced substantial evidence tending to show the contrary, the presumption disappeared. And so the opinion of the respondents reported in 103 S. W. (2d) 498, was quashed, first because it had announced the rule that positive, unequivocal and unimpeached evidence (instead of substantial evidence) is required to overthrow such presumptions; and, second, because it had held the presumption did not disappear in the face of the defendants' substantial controverting evidence; both of which rulings contravened the Guthrie case.

Respondents considered this a pronouncement that on the whole record a demurrer to the evidence should have been sustained. They so declare in their opinion here under review (118 S. W. (2d) l. c. 41) and reversed the case. But they have misinterpreted our opinion. On certiorari we never assume to tell a Court of Appeals how it should decide a case on the merits. We are concerned only with questions of conflict on particular issues before us. [State ex rel. Ocean Accident & Guarantee Corp. v. Hostetter, 341 Mo. 488, 108 S. W. (2d) 17.] The question presented in the Steinbruegge case was what weight of evidence is required to dispel the presumption of agential authority under the doctrine of *respondeat superior*, arising from proof of defendant's ownership of the vehicle and general employment of the tort feasor in charge. We held substantial controverting evidence was sufficient, and that respondents had contravened the Guthrie case in holding in 103 S. W. (2d) 498, that unequivocal and unimpeached evidence was required.

But we went further and said: ''Of course, the evidence introduced by plaintiff, from which the presumption arose, did not disappear. On the contrary, the fixed rule with reference to the evidence for consideration on demurrer must be followed.'' Then in the second paragraph following the opinion explains that in the Guthrie case the plaintiff failed to introduce any further evidence after his presumption had been destroyed by defendant's evidence, and that this court thereupon followed the fixed rule with reference to the consideration of evidence on demurrer, and found there was no substantial evidence showing the employee was within the scope of his employment.

This means that although the presumption may be overcome and take flight, yet the evidence which gave rise to it remains in the case for the consideration of the court on demurrer. If there is no evidence for plaintiff except the bare minimum required to support the presumption, then if the presumption be destroyed, that underlying evidence alone will not be enough to raise an *inference* to the same effect and make a prima facie case for the jury. [Bond v. St. L.-S. F. Ry. Co., supra, 315 Mo. l. c. 1001-2, 288 S. W. l. c. 782.] But if there be *other* evidence, it may aid that required to raise the presumption, and the whole considered together sometimes may be sufficient to support the necessary valid inference, even though the *presumption* has been overcome by defendant's evidence.

■ There was other evidence in the Waters case below besides the mere proof of Steinbruegge's ownership of the car, and the fact that it was being driven by his general employee, Hays. Some of this evidence was, for instance, that the car carried Steinbruegge's dealers license plates, which the statute, Section 7764(c), Revised Statutes 1929 (Mo. Stat. Ann., p. 5186), says shall be used only in the business of the dealer and not for his private purposes or those of his employees. Relator contends this fact justifies an inference that the car was not being used in violation of law at the time, but was being used by Hays in the interest of Steinbruegge's business for the purpose of demonstrating the car to the friends in whose company he was before and when the collision occurred. Both respondents' opinions point out the evidence shows Hays was authorized to sell the kind of car he had on the occasion.

We do not now assume to pass on the probative effect of all the facts in this record, considered together; neither did we when the case was here before. Our only ruling is that our former opinion did not foreclose respondents' right to determine whether the evidence as a whole made a prima facie case for the jury. Inasmuch as their last opinion (118 S. W. (2d) l. c. 41) holds to the contrary, the record is quashed. All concur.