WILLIAM DOVE, EUGENE DOVE, OPAL DOVE, ALDINE BRITT, ALINE BRITT and HERBERT BRITT, Minors, by their guardian, JAMES O. KENTON, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Corporation, J. E. NEWELL and B. W. CLARK, Appellants.—163 S. W. (2d) 548.

Division One, July 1, 1942.

*Cyrus Crane, Geo. J. Mersereau, John H. Lathrop, John N. Monteith, Dean Wood* and *James F. Walsh* for appellants.

*C. W. Prince, E. H. Gamble* and *Wm. R. Ross* for respondents.

800

HYDE, C.—This is an action for $10,000.00 damages for wrongful death, brought by the children of Velma Britt, who was killed by defendants' train on a public street crossing in the city of

Hardin. The jury found for defendants, but the trial court sustained plaintiffs' motion for new trial. Defendants have appealed from the order granting a new trial.

The trial court stated no reason for its action in its order granting a new trial; so plaintiffs must assume the burden of showing prejudicial error which would warrant a reversal on appeal if judgment ▉▉▉▉ had been entered on the verdict. [See King v. Kansas City Life Insurance Co., Banc, May Term, 1942, 164 S. W. (2d) 458.] They attempt to sustain this burden by claiming error in defendants' instructions. Defendants, however, say that plaintiffs failed to make a jury case because deceased was guilty of contributory negligence as a matter of law, and, therefore, plaintiffs' claim of error in instructions is immaterial. Defendants' trains met in Hardin (without either stopping); and plaintiff went behind the eastbound train in front of the westbound train. It is conceded that both of defendants' trains were exceeding the speed fixed by the city ordinance of Hardin, which was the negligence charged and submitted. The case was previously tried and resulted in judgment for plaintiffs for $7500.00; which was reversed and remanded because of prejudicial error in plaintiffs' instruction on the issue of contributory negligence. [Dove v. Atchison, Topeka & Santa Fe R. Co. (Mo. App.), 140 S. W. (2d) 715.] The facts shown by plaintiffs' evidence are fully stated in the opinion of the Kansas City Court of Appeals therein, to which reference is made for the facts because plaintiffs' evidence was substantially the same at the second trial. Defendants offered no evidence at the first trial, but at the second trial produced two witnesses who saw the whole occurrence. (They saw and heard the westbound train before it struck Mrs. Britt, and saw her run in front of it.) Their testimony was sufficient to establish defendants' defense of contributory negligence and we must consider that the jury found the facts in accordance with their testimony.

The Court of Appeals' opinion ruled that the physical facts shown by plaintiffs' evidence were not conclusive so "that deceased must be held either not to have looked, or, if she looked, that she saw the approaching train;" because there was evidence "of so much dust and smoke that the fireman, who was seated on his regular seat, on the left side of the engine cab, could not see anything." Since the fireman never did see Mrs. Britt, and neither he nor the engineer knew that their engine had struck her until so informed at the end of their run, it would seem to be a reasonable inference, as ruled by the Court of Appeals, that there was enough smoke between the train and the crossing to prevent her from seeing it until too late. However, this does not cover the whole situation concerning her contributory negligence. Defendants contend that, if there was so much smoke, ordinary care required her to wait until it cleared and that it was contributory negligence to proceed on to the westbound track when visi-

bility was so poor, citing State ex rel. Kansas City Southern R. Co. v. Shain, 340 Mo. 1195, 105 S. W. (2d) 915. Plaintiffs' evidence here does not show what Mrs. Britt did or how she proceeded over the tracks. Therefore, since defendants had evidence which warranted a finding of contributory negligence on a different state of facts, and since the jury did find for defendants, because of the view we take of the submission, we will not undertake to rule this question.

 Plaintiffs contend that defendants' instruction C was erroneous because it placed an undue burden of proof upon them, requiring them to prove there was no contributory negligence and to prove violation of the speed ordinance which was admitted. The criticized first paragraph of this instruction was as follows:

"The Court instructs the jury that the burden of proof is upon the plaintiffs to prove their case to the reasonable satisfaction of the jury by the preponderance of all the credible evidence, that is, the plaintiffs must prove their case and every essential element of it by the greater weight of all the credible evidence in the case. By plaintiffs' case and every essential element is meant those findings which you must make in order to return a verdict for the plaintiffs under instruction No. 1."

Plaintiffs point out that instruction No. 1 (their main instruction), after hypothesizing facts authorizing a verdict, contained this requirement: "And if you find that while so doing she was in the exercise of ordinary care for her own safety." However, their instruction No. 1 ended with the statement "that it is presumed that the said Velma Britt was in the exercise of ordinary care and caution at the time and place in question, unless said presumption is overcome by the greater weight of credible evidence, if any, to the contrary." This not only took that burden of proof off of plaintiffs but also made the instruction more favorable to plaintiffs than they were entitled to have it. "Presumptions usually concern the shifting of the burden of evidence and are for the court rather than the jury;" and they should not be stated in instructions. [Lampe v. Franklin American Trust Co., 339 Mo. 361, 96 S. W. (2d) 710, and cases cited; Weaver v. Allison, 340 Mo. 815, 102 S. W. (2d) 884; for effect of presumptions see State ex rel. Steinbruegge v. Hostetter, 342 Mo. 341, 115 S. W. (2d) 802; State ex rel. Waters v. Hostetter, 344 Mo. 443, 126 S. W. (2d) 1164.] In other words, presumptions are procedural and are not for consideration of the jury, which has the function of considering and determining what facts are shown by the evidence.

Furthermore, the court gave another instruction on contributory negligence (a modification of plaintiffs' requested instruction 2) which commenced thus:

"You are instructed that the burden of proving that deceased was innocent of contributory negligence, is not upon the plaintiffs, but said burden is upon defendants to prove by the greater weight of the

credible evidence that deceased was herself guilty of negligence that directly contributed or helped to produce her own death, and unless you find by the greater weight of the credible evidence that she was so guilty, you should resolve that issue against defendants and in favor of the plaintiffs.''

In view of all this, it cannot be said that the matter of burden of proof on contributory negligence was left in doubt or that any ambiguity or uncertainty in defendants' instruction C was not made plain to the jury. [See Cornwell v. Motor Freight Line (Mo.), 152 S. W. (2d) 10; Monsour v. Excelsior Tobacco Co. (Mo.), 144 S. W. (2d) 62; Flint v. Loew's St. L. R. & A. Corp., 344 Mo. 310, 126 S. W. (2d) 193.] On the contention that this instruction required proof of the admitted speed ordinance violation by preponderance of the evidence, plaintiffs rely upon Hough v. Chicago, R. I. & P. R. Co., 339 Mo. 1169, 100 S. W. (2d) 499. There a burden of proof instruction was criticised which required such proof of ''every fact stated in plaintiff's instruction No. 2 which would entitle him to recover a verdict.'' The instruction referred to stated two grounds of negligence (dangerous height and dangerous location of a switch stand) and the jury did not have to find for plaintiff on both grounds to give him a verdict. However, we did not hold that the instruction was necessarily prejudicial, but the action of the trial court in granting a new trial therein was sustained because of necessarily prejudicial error in another instruction. While plaintiffs here would have been entitled to tell the jury that violation of the speed ordinance was admitted, they assumed any such additional burden themselves by requesting an instruction which set out such violation as a fact for the jury to find. Having invited this situation they cannot complain of it. Moreover, the case was tried on the theory that violation (not only on that occasion but continuously) was conceded by both sides, and plaintiffs' instruction refers to the violation in such a way that it could be construed as assuming it. It seems apparent from the whole record that the jury would know there was no such controversy. We must hold that this instruction, under the circumstances could not have been prejudicial.

Plaintiffs next contend that ''inclusion of the words 'this case' is cautionary instruction 'E' and the words 'in this law suit' in cautionary instruction 'J' was error;'' and that, ''even if not, the allowance of said instructions was discretionary, and where such instructions have been given the trial court cannot on appeal be convicted of error for granting of a new trial.'' Plaintiffs say these words in such cautionary instructions would cause the jury to believe that there was ''something about this particular case'' against which the jury ''must be on guard.'' We find no merit in such criticism. Cautionary instructions (and all others) necessarily refer to the case in which they are given. It is discretionary with the trial

court whether to give them at all and to what extent. [See Wolfson v. Cohen (Mo.), 55 S. W. (2d) 677; Gardner v. Turk, 343 Mo. 899, 123 S. W. (2d) 158.] The court here did not grant a new trial upon any such grounds as overemphasis in cautionary instructions, or misleading instructions, or state any reason at all. Therefore, we will indulge in no such presumptions, but plaintiffs must show error which would justify reversal of a judgment for defendants on appeal. [King v. Kansas City Life Insurance Co., supra.] We must likewise so rule on plaintiffs' contention against instruction I, which is that it "is purely abstract." Abstract instructions are prejudicial if they are misleading but the trial court did not so find. Moreover, ▮ instruction I merely referred to and restated the presumption with which plaintiffs' main instruction ended (hereinabove set out in discussing instruction C), and which was erroneously put before the jury by plaintiffs; and then correctly stated the law as to presumptions, by saying that "when any credible evidence showing lack of (ordinary) care is introduced" then "that presumption cannot longer be indulged," but such issue "must be determined . . . from all the facts and circumstances in evidence." [See State ex rel. Alton R. Co. v. Shain, 346 Mo: 681, 143 S. W. (2d) 233.] In view of plaintiffs' improper injection of the matter of presumptions into the instructions, this instruction cannot be held to be unwarranted or prejudicial.

▮ Plaintiffs also contend that instruction D was erroneous "as a 'singling' and 'segregating' or 'commentative' instruction." This instruction stated: "The Court instructs the jury that the mere fact that deceased, Velma Britt, was fatally injured by defendants' train mentioned in evidence does not in and of itself entitle the plaintiffs to a verdict." As plaintiffs state: "D is a cautionary instruction." It is not a comment upon any evidence or a singling out of certain parts of the evidence. It is more in the nature of an additional burden of proof instruction. Similar instructions have been upheld in Gardner v. Turk, supra; Jacobs v. Danciger, 344 Mo. 1042, l. c. 1048-9, 130 S. W. (2d) 588, l. c. 591; Hicks v. Veiths (Mo.), 46 S. W. (2d) 604, l. c. 606; Sharp v. Carthage, 319 Mo. 1028, 1036, 1038, 5 S. W. (2d) 6, l. c. 8-9. We therefore overrule this contention.

▮ The other defendants' instructions claimed by plaintiffs to be erroneous, F, G, and H, relate to the submission of the issue of contributory negligence. Instructions G and H hypothesized the facts shown by defendants' evidence, which would constitute contributory negligence, and authorized a finding for defendants on that issue; instruction E contained definitions of "ordinary care," "negligence" and "contributory negligence." The contentions made concerning instructions G and H were that "instruction 'G' is erroneous in that it bars recovery by contributory negligence if deceased failed to look and listen and such failure contributed to her injury 'in any

degree;' '' and that instruction H was ''to the effect that it was the duty of deceased as a matter of law to keep off the crossing until the atmosphere had cleared,'' which was erroneous and broader than the pleadings.

These hypothesizing portions of G and H are as follows:

G. ''. . . If you find and believe from the greater weight of the credible evidence that after defendants' eastbound train had cleared the crossing mentioned in evidence, if you so find, and before the deceased, Velma Britt, went upon the westbound track, she could by the exercise of ordinary care on her part have seen or heard the approaching train in time to have remained in a place of safety, and that she failed to do so, and that her failure so to do directly contributed in any degree to cause her fatal injury, then she was guilty of contributory negligence and plaintiffs are not entitled to recover.''

H. ''. . . If you find and believe from the evidence there was smoke and dust around and over the crossing mentioned in evidence at the time and after the eastbound train mentioned in evidence passed said crossing, and if you find that at said time deceased was in a position of safety, and said smoke and dust obstructed her vision to the north and east and thereby prevented her seeing the approaching train, then it was the duty of Velma Britt to have waited before attempting to cross said westbound track until said dust and smoke had cleared, and, if she failed to do so, and attempted to cross said westbound track while said westbound track was obscured by dust and smoke and was struck by the westbound train mentioned in evidence, Velma Britt was guilty of contributory negligence.''

The portion of F concerning contributory negligence (which plaintiffs claim gave the jury a roving commission) was as follows:

F. ''. . . 'Contributory negligence' means a negligent act or omission of a person who is injured, which act or omission, concurring and cooperating with a negligent act or acts of others, directly helps to cause and bring about the injuries. Therefore, failure, if you find from the evidence there was failure, on the part of said deceased, Velma Britt, to exercise such ordinary care for her own safety, would be contributory negligence, if you find that such failure directly helped to cause her death.''

As heretofore stated, the court gave another instruction (beginning with the sentence we have set out in discussing instruction C), discussing contributory negligence in circumstances of sudden emergency and hypothesizing the following situation, to-wit:

''If, therefore, you find from the evidence that when the deceased entered the right-of-way containing the several tracks mentioned in the evidence she was using ordinary care for her own safety, and thereafter while so doing she became enveloped in a cloud of dust and smoke that obscured her vision forward, backward and to both sides, if you so find, and confused her mental and physical processes, if so,

and that as a direct result thereof, while so enclosed in said smoke and dust cloud, if so, she could not see said westbound train, even though stopping and looking for same, if you so find, and that she went upon or stopped upon the track on which the defendants' westbound train was traveling, where she was struck and killed, then, if you so find, you may not find that she was guilty of contributory negligence.''

This latter state of facts was too favorable to plaintiffs because there was no evidence whatever of such an amount of smoke on the crossing. Certainly with the facts so fully hypothesized in these instructions, it cannot be said that the jury was given a roving commission. It is fundamental that all instructions must be read together and mere general statements are cured by specific requirements. [See Jacobs v. Danciger, supra; McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. (2d) 37, and cases cited.] The contributory negligence definition instruction F did not purport to be anything else than a definition, and contained no direction for a verdict for defendants. It must be considered in connection with the other definitions in this instruction. The phrase ''directly contributed in any degree to cause'' in instruction G must be considered in connection with the facts submitted which if found would compel a finding of contributory negligence. [See Carr v. City of St. Joseph (Mo. Sup.), 225 S. W. 922; Hollister v. Aloe Co., 348 Mo. 1055, 156 S. W. 606.] As stated in the Aloe case, the requirement was ''directly contributed'' which could hardly be misunderstood. It does not seem to mean any less than ''directly contributed or helped'' as requested in plaintiffs' instruction 2. Plaintiffs cite such cases as Cento v. Security Building Co. (Mo. Sup.), 99 S. W. (2d) 1, where the instruction did not contain the word ''directly;'' also King v. Reith, 341 Mo. 467, 108 S. W. (2d) 1, where there were other completely wrong statements in the instruction. While the matter of degree would better be omitted from such instructions because of the possibility of confusion or misunderstanding, this statement (by including the word ''directly'') is not technically incorrect and it must be considered in connection with the definitions given and the facts submitted. In view of the whole submission so unduly favorable to plaintiffs, we do not see how the jury could misunderstand the fact issues to be decided or be misled in any way prejudicial to plaintiffs. We consider instruction H to be within the issues tried by both parties without objection, and rule that defendants were entitled to submit such facts particularly in view of the instruction given as a modification of plaintiffs' instruction 2 (hereinabove set out) which stated the smoke conditions more favorably to plaintiffs than the evidence justified. It is in accord with the decision of this Court en Banc in State ex rel. Kansas City Southern R. Co. v. Shain, supra. Our conclusion is that the whole submission was very favorable to plaintiffs (more so in the

808

particulars noted than plaintiffs were entitled to have it) ; and that plaintiffs have not sustained the burden of showing prejudicial error in instructions which would sustain the order granting a new trial.

The order granting a new trial is reversed and the cause remanded with directions to reinstate the verdict and enter judgment for defendants. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. . All the judges concur.