W. S. Pemberton, Appellant, v. Adolph Buescher, Jr., Everett Peek and Ramah Irene Peek, Respondents.—165 S. W. (2d) 707.

Kansas City Court of Appeals. November 2, 1942.

*Murrell & Murrell, Waldo Edwards* and *D. L. Dempsey* for appellant.

BLAND, J.—This is an action for damages for personal injuries growing out of a collision between two automobiles on a public highway in Macon county. There was a verdict and judgment in favor of plaintiff in the sum of $1500. The court sustained defendants' motions for a new trial, and plaintiff has appealed.

There were seven separate grounds of error assigned in the motions for a new trial. However, the court failed to give any reason for sustaining the motions and plaintiff, thereafter, called the court's attention to its failure in this respect by filing a motion requesting the court to specify the particular grounds for sustaining the motions. This motion the court overruled.

It was the duty of the court to state the ground or grounds upon which it sustained the motions for a new trial (Section 1169, R. S.

Mo. 1939; Stoner v. Royar, 200·Mo. 444), and, in view of its failure to do so, the burden is upon defendants to show prejudicial error, which would warrant a reversal on appeal if judgment had been entered on the verdict. [Dove et al. v. Atchison, T. & S. F. Ry. Co., 163 S. W. (2d) 548.]

Defendants have failed to sustain this burden. In fact, they have filed no brief in this court.

The judgment is reversed and the cause remanded with directions to the trial court to reinstate the verdict and to enter judgment, as of the date of the verdict, in favor of the plaintiff thereon. *Cave, J.*, concurs; *Shain, P. J.*, dissents in a separate opinion.

### DISSENTING OPINION.

SHAIN, P. J.—Regardless of the fact that the Supreme Court of Missouri has, in Dove et al. v. Atchison, T. & S. F. Ry. Co., 163 S. W. (2d) 548, placed burden as stated in majority opinion, and further, regardless of the fact that said court has, in King v. Kansas City Life Ins. Co., 164 S. W. (2d) 458, 1. c. 462, in effect, in matters wherein the trial court does not state reason for granting a new trial, substituted the presumption that his act was based upon weight of evidence, for the presumption that he has acted upon it adversely, I cannot concur in the majority opinion herein.

My dissent is not based upon the ground that said decisions do not declare the law as applied to the situation presented in said cases. My dissent is based upon a situation presented in the case at bar which does not appear in said decisions, to-wit: The respondent herein is shown to have filed a motion requesting the trial court to perform a duty imposed by statute (Sec. 1169, R. S. Mo. 1939), and the trial court failed and refused to comply.

By reason of late decisions of the Supreme Court, *supra*, a novel situation has arisen which I conclude presents to this court a matter of first impression wherein it is our duty to act.

The writer concludes that the failure of a court to perform its statutory duty, when requested so to do, should not be permitted to penalize a litigant.

The cause should be remanded with mandate to trial court to perform his duty, imposed by statute, *supra*, and return to this court for review, when such statutory duty has been complied with.