Nelle D. TAYLOR (Plaintiff) Respondent,

v.

COMMERCE TRUST COMPANY, a Corporation, Executor of the Estate of Nan L. Durst, deceased (Defendant), Appellant,

and

Marie Waters, Intervenor-Appellant.

No. 22833.

Kansas City Court of Appeals.
Missouri.
Jan. 12, 1959.

**896**

William J. Gilwee, Phineas Rosenberg, Kansas City, for appellants.

Cisel, Benton & McLaughlin, Lee E. Cisel, Kansas City, for respondent.

CAVE, Judge.

The plaintiff filed suit to recover $3,500 for services allegedly rendered by her to Nan L. Durst, deceased. Marie Waters was permitted to intervene as a defendant. The petition alleged a cause of action in quantum meruit, and the answers were, in effect, general denials. The cause was tried to a jury, resulting in a verdict for the defendants. Plaintiff's motion for new trial was sustained on the ground that the court had erred in giving defendants' Instruction No. 9, and the defendants perfected their appeal.

In general, the evidence discloses that Mrs. Durst was about 80 years of age and lived in her own home in Independence, Missouri; that the plaintiff was a much younger woman and lived in her home in Independence, and at a considerable distance from Mrs. Durst; that there was no family relationship existing between the plaintiff and Mrs. Durst, either by blood, marriage, or otherwise; and that plaintiff was under no obligation, either legal or moral, to render any service whatsoever to Mrs. Durst, although they were personal friends. There was also evidence that during the time here involved, the plaintiff went to the home of Mrs. Durst, at least twice each week, and rendered substantial services, such as cleaning the house, sewing, washing and cooking for Mrs. Durst, bathing her, and shampooing her hair; and that Mrs. Durst expressed her intention of paying the plaintiff for such services, but that she did not have enough money at that time, but would see that she was paid in the end.

Defendants' evidence was to the effect that claimant had not performed any services for Mrs. Durst. This conflict in the evidence merely presented an issue for the jury.

The instruction is rather long and involved, and for clarity we have divided it into sections. It reads:

"(a) The Court instructs the jury that when services are rendered and received, there is presumed intention on the part of the person rendering the services to charge, and upon the part of the person receiving

the services, to pay the reasonable value thereof, and there is presumed an implied contract for the payment by the latter of the reasonable value thereof; (b) but a presumption may arise from the relationship of the parties that services, if any, were rendered as acts of gratuitous kindness, and such relationships giving rise to presumption that the services rendered were gratuitous may arise from a family relationship, or (c) from some other close relationship, such close relationship being one that in the experience and customs of men would lead the ordinary person to believe that any services rendered were rendered gratuitously, and it is a question for the jury to determine whether such close relationship existed between Nelle Taylor and Nan Durst, and it is a question for the jury, taking into consideration all the circumstances including the nature and degree of the relationship between Nelle Taylor and Nan Durst and their circumstances in life, to determine whether there was any implied contract for compensation and whether there was any intent on the part of Nelle Taylor to charge and on the part of Nan Durst to pay for services rendered if any.

"(d) Now, if the jury finds from the evidence in this cause that Nelle Taylor rendered services to Nan Durst in taking care of her and working for her, and that Nelle Taylor intended while rendering such services, if any, to charge Nan Durst for the same and that Nan Durst intended to pay for such services, if any, then you will find the issues for Nelle Taylor, the plaintiff, and allow her in your verdict such sum as you may believe from the evidence in this cause that she is entitled to as fair and reasonable compensation for such services as you may find that she rendered.

"(e) The jury is instructed on the other hand that if the jury believes and finds from the evidence in the cause that plaintiff rendered the services, if any, sued for as acts of gratuitous kindness to Nan Durst and because of her close personal relationship with Nan Durst with no intention at

the time of charging her for the same, then you must find the issues for the defendant and in such case it makes no difference how meritorious and valuable her services, if any, to Nan Durst may have been."

It is apparent the instruction incorporates two or more theoretical circumstances which may give rise to a "presumption", one of which is "a family relationship". There is no evidence in this case, and no contention made, that such a "relationship" existed. Such a theoretical situation had no place in the instruction and would only tend to confuse rather than enlighten the jury.

■ The instruction also informed the jury that a presumption may arise "from some other close relationship, such close relationship being one that in the experience and customs of men would lead the ordinary person to believe that any services rendered were rendered gratuitously, * * *". This quoted language is so broad and general that it gave the jury a roving commission to decide, each for himself, what would constitute "close relationship". The only guide given the jury in determining what would constitute such a close relationship is "the experience and customs of men". That is about as indefinite, uncertain and ethereal as could be expressed by so few words. Instructions should not incorporate a discourse on general principles of law.

■ The drafter of the instruction fell into error by incorporating in the instruction general language used by appellate courts in certain cases. See Shern v. Sims, Mo.App., 258 S.W. 1029, 1031, and Hyde v. Honiter, 175 Mo.App. 583, 158 S.W. 83, 87, 88. The fact that language used in an instruction may be found in the reasoning or conclusions of an appellate court, or of a law text book, does not make it proper language for an instruction, regardless of how authoritative and wise it may be; and this is especially true when it is used in an abstract manner. Salmon v. Brookshire, Mo.App., 301 S.W.2d 48, 56; and

Detrich v. Mercantile Trust Co., Mo., 292 S.W.2d 300, 304. In Bresler v. Kansas City Public Service Co., 239 Mo.App. 228, 186 S.W.2d 524, 529, it is said: "* * * It has often been pointed out the danger in taking language from an opinion or opinions of the appellate courts and incorporating it in an instruction to a jury. There are many things said in opinions which would be improper if contained in an instruction to a jury. * * * In addition, statements in opinions may not always be applicable to cases involving different facts. * * *"

Furthermore, we are of the opinion that there is no substantial evidence that plaintiff and deceased were so closely related or had such a close relationship that would justify the giving of a proper instruction incorporating a presumption on such a theory. This case certainly does not fall within the facts of the cases cited by the defendants. Such cases are Lauf v. Wiegersen, Mo.App., 297 S.W. 79; Id., Mo.App., 295 S.W. 495; and Mo.App., 17 S.W.2d 369; Wells v. Goff, 361 Mo. 1188, 239 S.W.2d 301, 303; Wharton v. Denny, 222 Mo.App.' 260, 296 S.W. 183, 186; Patrick v. Crank, Mo.App., 110 S.W.2d 381, 385; Whistler v. Bond, Mo.App., 87 S.W. 2d 237; and Taylor v. Currie's Estate, Mo. App., 83 S.W.2d 194. In most of these cases there was blood or marriage relationship, and in some there was clearly a family relationship. Such cases are not controlling. In the Taylor v. Currie's Estate case, the plaintiff and deceased had been closely associated in a business way for more than 40 years, each extending favors and services to the other. In that case, the court approved a plain, simple instruction submitting to the jury the question of whether the plaintiff had intended to charge for his services and the deceased had expected to pay therefor. In none of the cases cited by the defendants was the court discussing an involved instruction submitting presumptions. They were discussing the burden of proof or the burden of going forward with the evidence.

In Dove v. Atchison, T. & S. F. Ry. Co., 349 Mo. 798, 163 S.W.2d 548, 550–551, it is said: "'Presumptions usually concern the shifting of the burden of evidence and are for the court rather than for the jury;' and they should not be stated in instructions * * *. In other words, presumptions are procedural and are not for consideration of the jury, which has the function of considering and determining what facts are shown by the evidence".

Without further analysis of or comment on the instruction, we are of the opinion that it is clearly erroneous and prejudicial in the respects discussed, and that the court properly sustained the motion for new trial.

It follows that the order is affirmed, and the cause remanded.

All concur.