**Petra RIVAS, Plaintiff-Appellant,**

v.

**Gene GLENN, Defendant-Respondent.**

No. 23336.

Kansas City Court of Appeals.

Missouri.

April 3, 1961.

Haskell Imes, Blackford, Imes, Compton & Brown, Kansas City, for appellant.

Rogers, Field, Gentry & Jackson, Kansas City, for respondent.

BROADDUS, Judge.

This is an action for damages for personal injuries. The defendants in the action were Lonnie Killins and Gene Glenn. At the conclusion of plaintiff's evidence the trial court sustained defendant Glenn's motion for a directed verdict. The case then proceeded to a verdict and judgment against the defendant Killins in the amount of $2,750, and from which he took no appeal. Plaintiff filed her motion to set aside the judgment entered in favor of defendant Glenn and to grant her a new trial as to Glenn only. Upon her motion being overruled plaintiff duly perfected her appeal.

Plaintiff alleged in her petition that on April 15, 1958, she was a passenger in an automobile being driven in a southerly direction on Harrison Street in Kansas City, Missouri; that after said automobile had entered the intersection at 28th Street and Harrison, the defendant, Lonnie Killins, who was then and there driving a motor vehicle as the agent and employee of Gene Glenn, and while acting within the course and scope of his employment, negligently drove said motor vehicle into the automobile in which plaintiff was a passenger causing her to be injured.

The ground upon which the trial court sustained defendant Glenn's motion for a directed verdict was that there was no substantial evidence that at the time of the collision Killins was Glenn's agent or employee.

The evidence disclosed that the automobile which was being driven by Killins at the time of the collision was a 1950 Oldsmobile coach. Attached to it was a Missouri dealers license plate—D 4151 C. Killins was not present at the trial.

The defendant Glenn's deposition had been taken and certain admissions contained therein were read into evidence by plaintiff. They were to the effect that Glenn was the owner and sole proprietor of the Gene Glenn Motors; that on April 15, 1958, he was licensed as a dealer by the State of Missouri and his dealer's plate number was 4151; that with reference to the Oldsmobile coach he said: "I presume it was mine;" that Killins was employed by him during the spring of 1958, as a "mechanic of some sort" and "handy man."

After plaintiff had offered the statements from Glenn's deposition and particularly the statement that Killins had been employed by Glenn "during the spring of 1958," defendant Glenn's counsel then read from the deposition, in explanation of those portions read by the plaintiff, Glenn's further testimony that, if the accident had occurred on April 15, 1958, Killins was not working for him; that he imagined that Killins had ceased to be employed by him ten days prior to the accident; that he could not remember the exact date, but that plaintiff's counsel could check with his bookkeeper (which plaintiff's counsel stated he had done in determining that April 7, 1958, was the date when Killins ceased to be employed); that Glenn did not even know that Killins was driving the car at the time of the accident.

The evidence was undisputed that a few days prior to the date of the accident here involved Killins had made arrangements with a man by the name of Newell Franks to repair automobiles out of Franks' shop, which was located at 28th & Harrison.

Plaintiff contends that it was error to refuse to admit into evidence as against defendant Glenn a statement purporting to have been made by Killins in the presence of the police officer at the scene of the accident. The statement was "he (Killins) was coming from the garage where he worked there, and he was on his way to the other lot to work on another automobile over there." Assuming such a statement might otherwise have been admissible against Glenn, it would have no probative value insofar as any question of agency is

concerned because it merely referred to "the other lot", without any showing that this referred to any lot owned or occupied by Glenn. It did not refer to any employment by Glenn, and could have referred to any lot at any place or to any person. Its admission would have added nothing to plaintiff's case.

 Plaintiff also complains of the court's refusal to admit into evidence, as against defendant Glenn, a statement made by Killins in the municipal court during his trial for violation of city ordinances that he was on his way "to pick up a head gasket for a Pontiac" at the time of the accident. The basis upon which plaintiff contends that this was admissible against Glenn is somewhat obscure. Such a statement contains no element of any admission against interest of defendant Glenn. The mere fact that the driver Killins was on his way to pick up a head gasket for an automobile does not show that he was doing this for the benefit of the defendant Glenn any more than it would show that he was doing it for his own personal benefit, or for the benefit of some other person, not a party to this action.

Plaintiff also claims that the court committed error in refusing to admit Exhibit 14. This exhibit purports to be an application made by Glenn to the Department of Revenue, Motor Vehicle Registration, for a certificate of registration and for license plates as a dealer. Plaintiff proceeds from an erroneous premise in arguing that the court erred in refusing to admit the exhibit. If there had been some evidence that at the time of the accident that Killins was in the general employ of Glenn then there would have been some basis for the admission of the exhibit. The case upon which plaintiff relies (State ex rel. Waters v. Hostetter, 344 Mo. 443, 126 S.W.2d 1164) does not aid her. In that case there was substantial evidence showing that the defendant was the owner of the car and that the driver was in his *general employ,* a fact situation which does not exist in the instant case.

In our opinion the trial court did not err in directing a verdict for defendant Glenn. On the day of the accident, April 15, 1958, Killins was not an employee of Glenn nor had he been since the preceding April 7th. The car Killins was driving and which was involved in the collision had been "temporarily loaned" to him by Glenn. See our opinion in case No. 23311, entitled Rivas v. Killins and Glenn and the Travelers Indemnity Company, 346 S.W.2d 698; that opinion being handed down at the same time the instant opinion is announced.

The judgment is affirmed.

All concur.