STATE OF MISSOURI at the relation of GUY A. THOMPSON, Trustee of the MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and NICK T. CAVE, Judges of the Kansas City Court of Appeals.—163 S. W. (2d) 967.

Court en Banc, July 28, 1942.

1076

*Thos. J. Cole, L. J. Bishop, D. C. Chastain* and *Patterson, Chastain & Smith* for relator.

*Crouch & Crouch, Cowgill & Popham* and *Sam Mandell* for respondents.

CLARK, J.—Certiorari to the Kansas City Court of Appeals. Relator claims that the opinion of that court in the case of

1078

Benton, Admr., v. Thompson, Trustee, Mo. Pac. Ry. Co., 156 S. W. (2d) 739, conflicts with certain decisions of this court.

█ In this kind of proceeding we do not decide the case on the merits, but are concerned only with conflict and look only to the opinion of the court of appeals for the facts. [State ex rel. Pub. Serv. Comm. v. Shain, 342 Mo. 867, 119 S. W. (2d) 220.]

The action grew out of a collision at a public crossing between a train operated by defendant and an automobile in which deceased was a guest. Deceased was riding in the rear seat of the automobile which was being driven by her daughter.

The case was submitted to the jury on defendant's negligence in failing to warn deceased and in operating the train at a dangerous and excessive speed.

Relator claims that the opinion of the court of appeals conflicts with our decisions in the following particulars:

(1) In holding under the evidence that plaintiff made a submissible case;

(2) In holding that the presumption of due care on the part of deceased was not overcome by the testimony of witnesses who testified on behalf of defendant; and

(3) In holding that plaintiff's instructions B, C, and H were not erroneous.

After reviewing the testimony, the opinion says:

"However, assuming, but not deciding, that this was sufficient time, as a matter of law, under all of the circumstances, for deceased to have notified her daughter in time for the latter to have stopped her car, there is no evidence, which the jury was compelled to believe, that deceased did not warn her daughter, and deceased is presumed to have been exercising ordinary care in the absence of credible . . . testimony to the contrary. [Citing cases.]

"It is true that the fireman, testifying for the defendant, stated that when the automobile approached the crossing deceased and her daughter were engaged in conversation and that neither of them looked toward the track or paid any attention to the approaching train. There is no evidence contradicting this. In fact, the only other testimony in the record bearing on what the occupants of the automobile were doing before it reached the track was that given by a witness for the plaintiff, who stated that he was working on the trafficway about 800 feet west of the crossing when the automobile passed him; that he knew both of the occupants and 'they were just riding along like they had no place to go at all and were in no hurry whatever and she [the driver] made a motion with her hand at me as she passed.'

"In view of all this, defendant says the presumption of due care on the part of the deceased cannot be indulged in because such presumption constitutes merely a procedural rule and can be applied only

in the absence of evidence to the contrary. While the testimony of the fireman on this question was not contradicted, his testimony, in nearly every material instance, as to other matters, was contradicted, and had the jury believed his testimony on those matters, it could not have found for plaintiff. Of course, the jury did not believe his testimony as to such matters. For instance, he testified that the bell was being rung by an automatic bell ringer as the train approached and went over the crossing; that the whistle was sounded a quarter of a mile south of the crossing; that he looked at the flasher lights and both of them were working perfectly, etc. If the jury, as a matter of law, were compelled to accept the fireman's testimony relating to the activities of the occupants of the automobile at the time it approached the crossing, then the presumption of due care on the part of deceased could not be indulged in. However, under all of the circumstances, we do not believe that the jury was compelled to believe this testimony."

From the above quotation it is apparent that the opinion treats the presumption of due care on the part of deceased in connection with the question of whether plaintiff made a submissible case; but, as relator lists the two questions separately in his brief, we will discuss them separately so far as practicable.

■ Relator says that the court erred in holding that plaintiff made a submissible case because deceased was guilty of contributory negligence as a matter of law; that she had good sight and hearing, could have seen the approaching train in time to have warned ■ the driver of the car to stop, and if the driver had been warned there was no reason why she should not have stopped; that the court of appeals based its opinion on the presumption that deceased was in the exercise of due care and erroneously held that evidence offered by the defendant did not destroy such presumption.

On the holding that plaintiff made a submissible case, relator claims the opinion conflicts with the following cases which we now discuss:

In Chawkley v. Wabash Ry. Co., 317 Mo. 782, l. c. 803, 297 S. W. 20, the plaintiff sued for damages for the death of her husband caused by a collision between a train and automobile at a public crossing. Deceased was driving the car and plaintiff was riding in the back seat. This court held that plaintiff was guilty of contributory negligence as a matter of law, in failing to warn the driver of the car, under the evidence produced by *plaintiff* herself.

In Sullivan v. A., T. & S. F. Ry., 317 Mo. 996, 297 S. W. 945, we held that deceased was guilty of contributory negligence as a matter of law in a case where both occupants of an automobile were killed by a collision with a train. The evidence on which this ruling was based was much stronger against the deceased than in the instant case. There the view at the crossing was unobstructed, the wig-wag signal was working and the train was approaching it at slow speed, 5 or

6 miles per hour, and the automobile was traveling at 10 to 15 miles per hour. It is not clear whether this evidence was adduced by the plaintiff or defendant. However, at the same term of court, the author of the opinion in the Sullivan case wrote the opinion of this court in Toeneboehn v. Ry. Co., 317 Mo. 1096, 298 S. W. 795, in a similar case in which all the judges concurred and in which it was held that, unless contributory negligence as a matter of law appears in plaintiff's case, the question is for the jury.

State ex rel. Arndt v. Cox et al., 327 Mo. 790, 38 S. W. (2d) 1079, is not in point as to any question involved in the instant case.

In State ex rel. Bowdon v. Allen, 337 Mo. 260, 85 S. W. (2d) 63, we refused, on certiorari, to quash an opinion of the Springfield Court of Appeals. That was a suit on an insurance policy and the defense was that the insured had committed suicide. The evidence of suicide was furnished by three eyewitnesses who testified on behalf of the defendant, and whose testimony was not contradicted. The court of appeals, while recognizing suicide as an affirmative defense, held that it could be proved as a matter of law by oral testimony on the part of the defendant and that defendant's demurrer to the evidence should have been sustained. We approved that ruling and quoted from another case, saying: "Where all the evidence in a case is of such character that it affords no room for reasonable controversy about an ultimate fact, there can be no issue, and therefore nothing concerning such fact for the triers of fact to determine." While there might seem to be a conflict between the holding in that case, that an affirmative defense may be established as a matter of law by oral evidence for the defendant, and the holding in this case, that the jury was not compelled to believe the uncontradicted testimony of defendant's fireman on the affirmative defense of contributory negligence, yet, under the facts, there is no actual conflict. In the instant case the court of appeals pointed out sufficient reasons to authorize the jury to disbelieve defendant's witness and did not hold the jury could do so if "all the evidence in the case is of such a character that it affords no room for reasonable controversy."

Downs v. Horton, 287 Mo. 414, 230 S. W. 103, was a suit on a promissory note by an endorsee against the maker. The defense was that the note had been procured by fraud and that plaintiff had knowledge thereof. This court pointed out the difference between "burden of proof" and "burden of evidence," saying in effect: that the only issue being that tendered by the answer, the burden is on defendant to prove it; if defendant makes proof of fraud in the procurement of the note, a presumption arises that plaintiff had knowledge of the fraud and the "burden of evidence" shifted to him to disclose the facts peculiarly within his knowledge as to how he acquired the note and then the presumption takes flight; if these facts raise a fair inference of good faith and want of notice on the part of plaintiff, and

defendant offers no further evidence, plaintiff is entitled to a directed verdict.

Thus the "burden of evidence" shifted, but the "burden of proof" remained on defendant throughout the case. In other ▮▮▮ words, the party who did not have the burden of proof was entitled to a directed verdict because the party who did have that burden failed to satisfy it. But in the instant case the party who did have the burden of proof as to contributory negligence, to-wit, the defendant, is not entitled to a directed verdict on that issue merely because he offered *some* evidence and the other party did not directly contradict it.

Porter v. Mo. Pac. Ry., 199 Mo. 82, 97 S. W. 880, is a case in which the driver of a team was struck and killed by a train at a public crossing. We held that deceased was guilty of contributory negligence as a matter of law and in that connection referred to the testimony of two of defendant's witnesses. In Toeneboehn v. Ry. Co., 317 Mo. 1096, l. c. 1115, 298 S. W. 795, in discussing the Porter case, we said: "The conclusion that deceased had full opportunity to see was based upon the character of the surroundings as developed in plaintiff's case. The reference as to the uncontradicted testimony of the engineer and fireman was merely incidental." There is another difference between the Porter case and this. There the deceased was the driver of the vehicle, here the deceased was a guest in an automobile. Not only is there a difference in the degree of care required of the driver of an automobile and a guest, but there is a difference in what they are required to do upon the discovery of peril, the duty of the driver being to stop the car while the duty of the guest is to warn the driver. The fact that the car did not stop might convict the driver of negligence and yet not prove that the guest had not warned the driver.

In State ex rel. Steinbruegge v. Hostetter, 342 Mo. 341, 115 S. W. (2d) 802, we quashed an opinion of the St. Louis Court of Appeals for conflict with the opinion of this court in Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854. The Steinbruegge case was a suit against the driver of an automobile and his employer. Plaintiff offered proof of the ownership of the automobile and that the driver was in the general employ of the owner, whereupon a presumption arose that the driver was acting within the scope of his employment at the time of the injury to plaintiff. Then the defendant introduced substantial evidence tending to show the driver was not acting within the scope of his employment. The court of appeals said: "This presumption having arisen, it remained in the case to the end, unless it was destroyed by positive, unequivocal and unimpeached testimony adduced by the appellant showing that the driver was not driving the car in the service of the appellant," and then ruled that the evidence introduced by defendant did not destroy the presumption. On certiorari we held that the opinion of the court of appeals was in conflict with the Guthrie

case in stating that "unequivocal" and "unimpeached" testimony on the part of defendant was necessary to destroy the presumption, and in ruling that the presumption did not disappear on the introduction of defendant's evidence.

It seems to be relator's position that the Steinbruegge case holds that the plaintiff there failed to make a submissible case, and that it so held because plaintiff failed to offer proof to meet defendant's evidence that the chauffeur was not acting within the scope of his employment, and, therefore, we should hold in the instant case that plaintiff failed to make a submissible case because he failed to offer evidence to contradict defendant's testimony tending to prove contributory negligence on the part of the deceased.

In this connection we call attention to one important rule stated in the Steinbruegge opinion, which seems to have been overlooked by relator and has often been overlooked by the courts in dealing with presumptions of this kind. At page 345 of the official reports it says: "Thereupon, the presumption disappeared. Of course, the evidence introduced by plaintiff, from which the presumption arose, did not disappear. On the contrary, the fixed rule with reference to the evidence for consideration on demurrer must be followed." In other words, if plaintiff's evidence in that case was of a character to not only raise the presumption, but also to substantially tend to prove the fact in issue he was entitled to go to the jury. We did not there pass on the sufficiency of plaintiff's evidence to make a submissible case, which is fully disclosed in the case of State ex rel. Waters v. Hostetter, 344 Mo. 443, 126 S. W. (2d) 1164, where we quashed a second opinion of the St. Louis Court of Appeals in the same case.

Besides, the situation which confronted us in the Steinbruegge case was different from that which faces us here. ▮▮▮ There the burden of proof that the chauffeur was within the scope of his employment was on the plaintiff throughout the case. When he offered evidence of the ownership of the automobile and the general employment of the chauffeur the law raised a presumption that the chauffeur was within the scope of his employment, but such evidence *alone* did not actually tend to prove the fact that the chauffeur was within the scope of his employment. Both the Steinbruegge case and Guthrie v. Holmes quote from Berry on Automobiles which, in speaking of this presumption, says: "It rests upon the facts that the automobile was owned by the defendant and that the chauffeur who was operating it was in the general employment of the defendant; neither one or both of which actually tends to prove that the chauffeur was engaged in the owner's business." So, when the defendant offered substantial testimony that the chauffeur was not engaged in the owner's business, the presumption took flight and plaintiff was under the necessity of offering evidence on an issue as to which he had the burden of proof. But in the instant case, the burden of proof as to contributory negligence was

on the *defendant* throughout the case, and the mere fact that he offered *some* evidence on that issue while it destroyed the presumption of due care on the part of deceased, did not make it necessary for plaintiff to offer evidence in contradiction of defendant's evidence in order to go to the jury. It was still for the jury to say whether defendant's evidence satisfied the burden of proof.

A careful reading of the cases cited and many others convinces us that contributory negligence *as a matter of law* can seldom be established by oral testimony offered solely on the part of the defendant. Usually it must appear in the plaintiff's case, or be established by testimony on the part of defendant which plaintiff concedes to be true, or by documentary evidence or proof of facts or circumstances by defendant which leave room for no other reasonable inference. There may be cases in which it can be established by uncontradicted and unimpeached oral testimony offered on the part of defendant, but an appellate court should be reluctant to so hold, unless such proof attains the probative force mentioned in State ex rel. Bowdon v. Allen, supra, for often a witness may impeach himself by a furtive manner or a hesitant answer which will not appear on the cold record which reaches us.

In the instant case the court of appeals correctly ruled, on the facts shown, that oral testimony of defendant's witness did not establish contributory negligence *as a matter of law,* although that testimony was not contradicted or impeached upon that particular point. [Hollister v. Aloe Co., 348 Mo. 1055, 156 S. W. (2d) 606, l. c. 608.] The ruling that plaintiff made a submissible case does not conflict with any decision of this court.

■ The next contention is, that in holding that the presumption of due care on the part of the deceased was not overcome by testimony of witnesses who testified on the part of defendant, the opinion conflicts with certain decisions of this court.

In State ex rel. Alton R. Co. v. Shain, supra, this court, en banc, on certiorari, quashed a portion of an opinion of the Kansas City Court of Appeals for holding "there is a *strong* presumption that deceased was in the exercise of ordinary care." In that case we said "the presumption is indulged only *in the absence of evidence to the contrary,*" citing many of our former decisions. There deceased was a guest in a motor truck which collided with a train and it was pointed out that an eyewitness for plaintiff testified that deceased saw the approaching train and failed to warn the driver of the truck.

State ex rel. Alton R. Co. v. Shain, was expressly followed by our Division No. 2 in Zickefoose v. Thompson, 347 Mo. 579, 148 S. W. (2d) 784. There the driver of a truck was killed by a collision with a train. It was held that, under the evidence, deceased was guilty of contributory negligence as a matter of law and that the presumption that he was in the exercise of due care cannot stand as substantial

1084

evidence against the testimony of two eyewitnesses who saw what he did, one of whom testified for the plaintiff.

In Rodan v. St. Louis Transit Co., 207 Mo. 392, 105 S. W. 1061, Division 1 of this court affirmed the decision of a trial court in granting a new trial for error in one of the plaintiff's instructions. The instruction told the jury that, unless they found from the evidence that deceased did not look and listen before going on defendant's ▌ track, they were at liberty to presume he did look and listen. The court emphasized the fact that some of the evidence that deceased failed to look or listen came from plaintiff's own witnesses and said: ''A presumption, therefore, of a rebuttable character, such as here, only remains in force until repelled by contrary evidence.''

Burge v. Wabash Ry., 244 Mo. 76, 148 S. W. 925, was a banc case in which we held the driver of a team, killed by a train, guilty of contributory negligence as a matter of law. The writer of that opinion quoted from his concurring opinion in Tetwiler v. Ry., 242 Mo. 178, 145 S. W. 780, in reference to the presumption of due care on the part of deceased, in part, as follows: ''Presumptions of this character are presumptions of fact—and the presumption takes flight upon the appearance of the facts themselves. . . . Such proof of the facts is the matter to be weighed by the jury, and there should not be added in the scale a presumption of fact which has been displaced by the proof of the fact.''

Many decisions on the question of a presumption of due care in favor of a plaintiff or a deceased are cited in the margin of the opinion in State ex rel. Alton Ry. v. Shain, 346 Mo. l. c. 693, 143 S. W. (2d) 233. They generally agree to the existence of the presumption, but use various expressions as to how it may be overcome.

In many of the cases the presumption was considered in connection with instructions to the jury, and the later cases hold it is improper to give the plaintiff the benefit of this presumption in an instruction on contributory negligence. [Dove et al. v. A., T. & S. F. Ry. Co., 349 Mo. 798, 163 S. W. (2d) 548.] In some of the cases, the presumption was considered in determining whether contributory negligence as a matter of law had been established so as to prevent plaintiff from making a submissible case. An example is Thompson v. Ry., 334 Mo. 958, 69 S. W. (2d) 936, which case was cited and squarely followed by the court of appeals in the instant case. In the Thompson case, at pages 976, 977, of the official reports, it was said: ''There is no conclusive evidence as to whether this deceased did or did not warn the driver of the danger or protest against his negligent act. Moreover, under all the facts here, this deceased is entitled to the presumption of having used due care.'' In the instant case the court of appeals said: ''there is no evidence, which the jury was compelled to believe, that deceased did not warn her daughter, and deceased is presumed to have been exercising ordinary care in the absence of credi-

ble . . . testimony to the contrary. . . . If the jury, as a matter of law, were compelled to accept the fireman's testimony relating to the activities of the occupants of the automobile at the time it approached the crossing, then the presumption of due care on the part of the deceased could not be indulged in. However, under all the circumstances, we do not believe that the jury was compelled to believe this testimony.'' This court in the Thompson case, and the court of appeals in the instant case, correctly ruled that contributory negligence *as a matter of law* had not been established, but both were inaccurate in their statements as to the presumption of due care. In the Thompson case it did not require ''conclusive'' evidence to overcome the presumption and in the instant case it did not require evidence ''which the jury was required to believe'' to overcome it. Upon the production of evidence by the defendant (which means substantial evidence as said in State ex rel. Steinbruegge v. Hostetter, supra) tending to prove contributory negligence, the presumption took flight, and it was unnecessary and inaccurate for the court to consider the presumption.

Our discussion is expressly limited to the effect of the particular presumption now under consideration. This is a rebuttable presumption which, after the introduction of substantial evidence of the fact in issue by *either* party, is no longer in the case.

''To say that one injured under such circumstances is presumed to be exercising ordinary care is but another way of saying contributory negligence is an affirmative defense and must be proven in order to be available to the defendant.'' [Lackey v. United Rys. Co., 288 Mo. 120, l. c. 139, 231 S. W. 956. See also 1 Jones on Evidence (4 Ed.), sec. 175, p. 311.]

''But the essential character and operation of presumptions, so far as the law of evidence is concerned, is in all cases the same, whether they be called by one name or the other; that is to say, they throw upon the party against whom they work, the duty of going forward with the evidence; and this operation is all their effect, regarded merely in their character as presumptions.'' [Thayer's Common Law Evidence, 1898 Ed., p. 339.]

Many of our decisions broadly say that this presumption takes flight upon the introduction of any substantial evidence to the contrary, but most of them seem to indicate that such evidence must arise in plaintiff's case, thereby confusing the requirement for the destruction of the presumption with the usual requirement for establishing contributory negligence as a matter of law.

In the instant case the opinion of the court of appeals treats the presumption of due care on the part of the deceased as being still in the case because the only evidence to the contrary came from defendant's witnesses. In doing so the court of appeals followed the case of Thompson v. St. L. & S. F. Ry., supra, but is out of harmony

with the broad statement of the rule in the later cases of State ex rel. Alton R. Co. v. Shain, supra, and Zickefoose v. Thompson, supra. In both the cases last mentioned it is stated that the presumption is indulged only "in the absence of evidence to the contrary." However, in both cases the evidence which destroyed the presumption came, at least in part, from plaintiff's evidence, which fact is rather emphasized in the opinions.

We think the court of appeals was correct in ruling that the proof failed to establish contributory negligence as a matter of law, notwithstanding it incorrectly indulged a presumption of due care on the part of deceased in reaching that conclusion. Accordingly, and because of the state of our own decisions, we merely express our view as to the true rule as a precedent for the future without quashing a portion of the opinion of the court of appeals.

Relator contends that, in approving plaintiff's instructions B and C, the opinion of the court of appeals is in conflict with our ruling in the following cases: Long v. Mild, 347 Mo. 1002, 149 S. W. (2d) 853; Brock v. C., R. I. & P. Ry., 305 Mo. 502, 266 S. W. 691; Macklin v. Fogel Const. Co., 326 Mo. 38, 31 S. W. (2d) 14.

Instruction B told the jury that if they believed from the evidence that the crossing was greatly and heavily used by vehicular traffic and the public generally, and that under all the circumstances shown by the evidence it was an unusually dangerous crossing for public use, and, if under the circumstances shown in evidence, required the giving of warning of the approach of the train, etc. In instruction C the jury was told that if they believed the crossing was heavily traveled and that under all the conditions, physical surroundings and circumstances shown in evidence the same was an unusually dangerous crossing for public use, and if the jury found that ordinary care required the operation of the train at a slower speed, etc.

The opinion states that 23rd Street Trafficway in Independence, at and near the railroad crossing in question, was a much traveled street and the view was somewhat obstructed by a cut, a tree, and a shed. Defendant had installed flasher signals on each side of the crossing. Plaintiff's evidence tended to show that the flashers were not working before and at the time of the collision. Defendant's evidence was to the contrary.

Relator says that these instructions submitted issues of law, in that the jury was not told what facts, circumstances and conditions were required to be present to fasten a duty on defendant to give additional warning or to operate their trains at slower speed.

The cases cited by relator do not sustain his contention on this point, but the opinion of the court of appeals is in harmony with our holding in Toeneboehn v. Ry., 317 Mo. 1096, 298 S. W. 795, and Homan v. Mo. Pac. Ry., 334 Mo. 61, 64 S. W. (2d) 617.

Relator says that, in approving instruction H, the opinion conflicts with State ex rel. v. Hostetter, 345 Mo. 915, 137 S. W. (2d) 461, Seithel v. St. Louis Dairy Co. (Mo.), 300 S. W. 280, and Henderson v. St. L. & S. F. Ry. Co., 314 Mo. 414, 284 S. W. 788.

Defendant's instruction 18 told the jury they could not find a verdict against the defendant upon the alleged failure of the flasher lights to operate. Then, at plaintiff's request, the court gave instruction H which specifically referred to instruction 18 and told the jury that, while ■ the alleged failure of the flasher lights to work is not submitted as a ground of recovery, the court does not withdraw from your consideration any of the evidence touching said matter and that such evidence was admitted for any bearing, if any, it may have on the claim or defense that the occupants of the car were negligent, etc.

We fail to see how relator's contention is supported by the first two cases cited by him on this point, and believe the last case is authority against him. That case [Henderson v. St. L. & S. F. Ry. Co.] holds that evidence of failure of the railroad to maintain a watchman at the crossing should be considered by the jury on the issue of contributory negligence, although such failure had been withdrawn as a ground of recovery. Also, in Perkins v. Ry., 329 Mo. 1190, l. c. 1200, 149 S. W. (2d) 103, although failure to maintain a crossing signal in working order was not submitted as a ground of negligence, we said: "But even in the instant case Perkins was entitled to rely somewhat upon the impression of safety suggested by this silent and motionless device, and the absence of signals by whistle or bell if none were given."

The opinion of the court of appeals does not conflict with our decisions in any matter which requires us to quash the opinion. Accordingly, our writ heretofore issued herein is hereby quashed. All concur, except *Gantt, J.,* absent.