W. C. JACOBS and MARGARET FRANCES JACOBS, Appellants, v. DAVIS GILLEYLEN, Respondent, No. 41306—224 S. W. (2d) 982.

Division One, November 14, 1949.

Rehearing Denied, December 12, 1949.

*Byars & Spencer* and *George P. Adams* for appellants.

*Alexander, Ausmus & Harris, Warren D. Welliver* and *Fry, Edwards & Wright* for respondent.

CLARK, P. J.—Appellants were the father and mother of Billy Carl Jacobs, a fifteen year old boy who was struck and killed by an automobile driven by respondent on United States Highway 40 about three miles west of Columbia, Missouri, on December 3, 1947. They sued respondent alleging negligence: (1) in operating his car at an excessive and dangerous rate of speed under the circumstances; (2) failing to drive as close to the right-hand side of the road as practicable; and (3) failure of respondent to slacken speed or swerve his car. The petition also contained an allegation of negligence under the humanitarian doctrine, but this was not submitted to the jury. Verdict and judgment were for respondent.

The day of the casualty was cloudy with a light drizzle of rain. Billy Carl Jacobs alighted from a westbound school bus when it stopped on the north side of the highway opposite the home of his parents. After the bus and two following cars proceeded west, the boy apparently started south to cross the highway when he was struck and killed by respondent's eastbound car. The evidence is in conflict as to the speed of respondent's car and as to the point on the highway where it struck the boy. If appellants' evidence is accepted as true, respondent was traveling from 60 to 70 miles per hour and could see the bus and recognize it as a school bus from a point several hundred feet away; that his car struck the boy north of the center line marker of the highway. Respondent's testimony is that he was driving 50 to 60 miles per hour on the south or right side of the road. That he saw the school bus when about 500 feet away and, thinking it was standing still, took his foot off the gas feed preparatory to coming to a stop, but did not apply his brake. That, seeing the bus was slowly moving, he proceeded on. That after the bus and the two following cars went on he saw the boy standing near the north edge of the pavement when respondent was then about 100 feet west. That

the boy looked to the east and started across the road in a trot. That respondent sounded his horn and applied the brake and the boy paused and looked at him. That respondent, thinking the boy would remain still, released his brake, but the boy sprang in front of his car too late for respondent to avoid the tragedy.

Appellants contend that the trial court erred in giving instructions D-4, D-5, and D-6, at the request of respondent, but their main contention is against instruction D-4 which reads as follows:

"If you find and believe from the evidence, that said Billy Carl Jacobs was south of the center of U. S. Highway No. 40 when he was struck by defendant's automobile, then the said Billy Carl Jacobs was guilty of contributory negligence as a matter of law and you must find for the defendant."

We must hold that the giving of this instruction constitutes reversible error. It is true that the evidence introduced by appellants tended to prove that Billy Carl Jacobs when hit was north of the center of the road, while the testimony of respondent was that he was then south of the center. It may also be true that the jury accepted respondent's version of that question, but the mere fact that the boy was south of the center does not convict him of contributory negligence as a matter of law. Respondent and his wife were the only eye witnesses to the tragedy. Respondent alone testified that he was traveling from 50 to 60 miles per hour; that he did not see the boy until he was 100 feet away; that he sounded his horn; that the boy paused, looked at him and sprang in front of his car. The jury was not required to believe respondent's testimony. It might believe that the position, speed and distance of respondent's car when the boy first saw it were such as to reasonably authorize him to think he could safely cross the road. Even though the jury believed the boy was south of the center line when hit, it did not have to believe that he sprang directly in front of the car. The proof showed that the pavement was twenty feet wide. Half of that, or ten feet, was south of the center. Respondent said his car was about five and one-half feet wide. If the boy was barely over the center he was still in a position of safety if the car was approaching near the south edge of the pavement. Whether the boy suddenly stepped in front of the car or the car swerved to the north was a question of fact. What we mean is that, under the circumstances of this case, the deceased boy could not be convicted of contributory negligence as a matter of law on respondent's evidence alone. That question still remained one of fact for the jury to decide. As we said in State ex rel. Thompson v. Shain, 349 Mo. 1075, 163 S. W. (2d) 967, l. c. 972:

"A careful reading of the cases cited and many others convinces us that contributory negligence as a matter of law can seldom be established by oral testimony offered solely on the part of the defendant. Usually it must appear in the plaintiff's case, or be established

by testimony on the part of defendant which plaintiff concedes to be true, or by documentary evidence or proof of facts or circumstances by defendant which leave room for no other reasonable inference."

In defense of instruction D-4, respondent cites State ex rel. Alton Ry. Co. v. Shain, 346 Mo. 681, 143 S. W. (2d) 233; Zickefoose v. Thompson, 347 Mo. 579, 148 S. W. (2d) 784, and State ex rel. Thompson v. Shain, 349 Mo. 1075, 163 S. W. (2d) 967. Those cases hold that, where substantial evidence is introduced as to the care exercised by the injured person, the *presumption* that he was in the exercise of due care goes out of the case. Respondent also cites Battles v. United Rys., 178 Mo. App. 596, 161 S. W. 614; and Van Alst v. Kansas City, (Mo. App.) 186 S. W. (2d) 762. Each of those cases discusses the question of contributory negligence on the part of a child, but the actual decision in each case turns on the sufficiency of the evidence to convict the defendant of negligence. They do hold, and we agree, that a child of tender years is required to exercise due care for his own safety, commensurate with his capacity, and that such child can be proven guilty of contributory negligence as a matter of law. We agree to that, but those cases do not hold that either a child or an adult can be convicted of negligence *as a matter of law* solely by the oral evidence of the opposing party.

However, as we understand respondent's brief and oral argument, he does not seriously contend that instruction D-4, standing alone, is free from error. His main contention is that this instruction was invited and justified by instruction P-1, given at the request of appellants. Instruction P-1, after stating preliminary matter, contains this language: "and if you find the defendant was driving said automobile at a high and dangerous rate of speed under the circumstances then and there prevailing, and if you find he was negligent in so doing, *or if you find and believe from the evidence that at said time and place the defendant was not driving said automobile as close to the right hand side of the highway mentioned in the evidence as practicable, and that he was negligent in so doing, if you so find, and if you further find and believe from the evidence that said Billy Carl Jacobs was struck north of the center line of said highway and injured,* - - - ."

We have emphasized the portion of instruction P-1 which respondent emphasizes in his brief and which he claims should ▇ prevent appellants from complaining of error in the giving of instruction D-4. In this connection respondent cites, Taylor v. Cleveland C. C. & St. L. Ry., 333 Mo. 650, 63 S. W. (2d) 69, l. c. 75; Schell v. Ransom Co., (Mo. App.) 79 S. W. (2d) 543, l. c. 549, and Baker v. Ry., 122 Mo. 533, l. c. 598, 26 S. W. 20. The Taylor case merely holds that an omission or non direction in plaintiff's instructions may be supplied or explained in a proper instruction for defendant. The Schell case states the well-recognized rule that self-invited error is not ground

for reversal. The Baker case holds that the losing party cannot reverse a judgment because an erroneous instruction given at his request conflicts with a proper instruction given at the instance of his adversary. Those cases are not in point.

Respondent does not contend that instruction P-1 is erroneous, or that it omits a salient element which was supplied by instruction D-4. Apparently his contention is that instruction P-1 narrowed the issue of fact to the single question of whether the boy was north or south of the center line when he was struck; and, that if he was south of the center, appellants cannot recover. In the hurry of the trial, the exceptionally able trial judge may have been induced to take a similar view of the effect of instruction P-1, but we think such view is incorrect. The instruction specified two separate acts of respondent either of which, if the jury found were negligently done and proximately caused the injury and death of Billy Carl Jacobs and further found that the latter was free from contributory negligence, would authorize appellants to recover. The first act specified was respondent's driving at a high and dangerous rate of speed under the circumstances. Whether respondent was negligent in driving at high and dangerous speed after he saw the school bus several hundred feet away and knew that children would likely alight therefrom, was for the jury to say. [Wood v. Claussen, (Mo. App.) 207 S. W. (2d) 802.] If such speed was negligent and caused the injury and death of Billy Carl Jacobs and he was free of contributory negligence, appellants should recover regardless of whether the boy was north or south of the center line of the road. The second specification of negligence, preceded by the word ''or'', was respondent's failure to drive as near the right-hand side of the road as practicable *and* that he struck the boy north of the center line. The second specification, whether or not so intended by appellants, does require the jury to find that the injury occurred north of the center line while the first specification does not so require. But the instruction, in its entirety, does not confine the occurrence to the north side of the highway nor justify instruction D-4 to the effect that the boy was contributorily negligent as a matter of law if injured south of the center line.

We find no error in instructions D-5 and D-6. They properly submitted the issue of fact as to contributory negligence on the part of Billy Carl Jacobs.

For error in giving instruction D-4 the judgment is reversed and the cause remanded. All concur.