231 S.W.2d 283 (1950)
SILBERMAN
v.
HICKS.
No. 27809, 27810.
St. Louis Court of Appeals. Missouri.
June 20, 1950.
*284 Fred J. L. Schuler, St. Louis, Leahy & Leahy, St. Louis, for defendant-appellant.
Francis M. O'Brien, Charles E. Thompson, Louis Gilden, all of St. Louis, for plaintiff-appellee.
HUGHES, Judge.
This action in unlawful detainer was filed in the magistrate court of the City of St. Louis on January 19, 1949, to recover possession of a six-room flat at 5550a Cabanne Avenue, occupied since 1942 by defendant, his wife and four children. The rent was payable on the 19th day of each month. On November 18, 1948, plaintiff caused to be served on defendant a notice to vacate on December 19, 1948. The notice and the complaint later filed alleged that defendant had (1) violated an obligation of his tenancy by allowing another family to share and occupy the premises without consent of the owner, and (2) that defendant had committed a nuisance by having suffered and permitted a member of his family to tear shingles from the rear porch, cut initials in the front door, knock a panel from the front door, tear bricks from the garage, tear shingles from under the windows in the rear of the house, and tear shingles from the garage roof, scratch the gold paint from the house numbers and cut a piece off the front steps.
From a judgment in the magistrate court in favor of complainant, defendant appealed to the circuit court of the City of St. Louis, where the action was tried to a judge and jury, and resulted in a judgment in favor of the complainant. After a motion by defendant for a new trial was filed and overruled, defendant perfected an appeal to this court. While defendant's motion for new trial was pending the plaintiff filed a motion asking the court to enter judgment for double the amount of rents as fixed by the jury. This motion was overruled and plaintiff filed notice of appeal from the judgment as entered. However, plaintiff has not perfected that appeal and the same will be dismissed, and our review goes only to defendant's appeal.
Plaintiff's evidence consisted entirely of the testimony of herself and her husband. Mrs. Silberman testified that Bobby Hicks, son of the defendant, and at the time of the trial, March 16, 1949, twelve years of age, had bumped his bicycle or wagon against the door to the Hicks rooms fifty times in the last three years, and had removed bricks from the garage wall two or three times in the past two or three years, and tore shingles from the roof about three years before. She had seen these acts. Her husband testified to having seen Bobby Hicks within the previous three years cutting his initials on the door, pulling shingles from the garage roof and the porch roof, and knocking off a piece of concrete from the steps in front of the house. Defendant and his wife and their son Bobby all denied the testimony of Mr. and Mrs. Silberman. Both Mr. and Mrs. Silberman also testified that a man named Byron Doherty, a brother of Mrs. Hicks, with his wife and two children, moved into the Hicks' rooms in October, 1948, and remained there until after Christmas, without the owner's consent. The defendant's evidence denied that the Dohertys had ever occupied their flat except for short visits, the longest being about ten days.
The testimony took a wide range but the court at the instance of defendant's attorney sought to restrict the testimony to occurrences within a period of two years and later admitted testimony of acts within a period of three years before the notice to vacate was given.
The court gave three instructions to the jury at plaintiff's instance. The defendant asked no instructions, and made no objection to the instructions given, and made no motion for a directed verdict. After reading the three instructions the court, addressing the opposing attorneys, said, *285 "Gentlemen, do you want to accept the Court's instructions?" To which inquiry both attorneys replied, "Yes, Your Honor."
Appellant makes four assignments of alleged error under the "points and authorities" of his brief. The first two have to do with alleged error in the giving of the three instructions. But in view of the fact that defendant made no objection to the instructions when they were given, and expressly accepted them, he is in no position to later allege error as to the instructions. Holdman v. Thompson, Mo.Sup., 216 S.W.2d 72; Booten v. Sutter, Mo.App., 216 S.W.2d 129; Lindsey v. Rogers, Mo. App., 220 S.W.2d 937; Millaway v. Brown, Mo.App., 197 S.W.2d 987; Section 122, Vol. I, Laws 1947, p. 228; Supreme Court Rule 3.21.
There were two issues of fact in this case. First, whether defendant violated an obligation of his tenancy by allowing another family to share and occupy the premises without the consent of the owner; and, second, whether defendant had committed a nuisance by having suffered and permitted a member of his family to do continuous acts of destruction or injury to the rented property. On the first question as stated above, the contract of rental (if there was an express contract) was not produced in evidence, but both complainant and defendant proceeded on the theory that defendant had no right to allow another family to share and occupy the rented flat. Plaintiff's evidence was that another family was sharing and occupying the premises with defendant. Defendant's evidence was that, except for casual visitors, no one but his family occupied the premises. The issue was one of fact for the jury. The second question, as to whether defendant had committed a nuisance by permitting a member of his family to do acts of destruction or injury to plaintiff's property was likewise an issue of fact.
Appellant recognized that it was a question for the jury on both issues, and therefore he did not seek to take complainant's case from the jury by moving for a directed verdict, but took his chances on a favorable verdict at the hands of the jury. Under such circumstances appellant is now precluded from claiming on appeal that a submissible case was not proven by complainant. Hauber v. Gentry, Mo.Sup., 215 S.W.2d 754, loc.cit. 759; Rogers v. Poteet, 355 Mo. 986, 199 S.W.2d 378, loc.cit. 386; Clay v. Owen, 338 Mo. 1061, 93 S.W.2d 914.
Defendant offered to prove by the testimony of Richard Davis Hargrove, who had lived in the flat in question in 1941 and part of 1942, that at that time there was a crack in the door panel. The testimony was rejected on objections by complainant's counsel for the reason that the court at defendant's instance had ruled out the testimony of complainant as to the crack in the panel of the door, as being too remote. Thereafter, the instructions, which specified the acts relied upon to constitute a nuisance, contain no reference whatever to the crack in the door panel. Under these circumstances appellant could not have been prejudiced by the rejection of the testimony of Hargrove.
It is always proper for the purpose of discrediting the testimony of a party or witness to show his or her bias or prejudice. Appellant complains that the court erred in refusing to admit testimony of defendant as to the particulars of a dispute between him and the Silbermans, claiming that it would show bias and prejudice and malice against him on their part. There was no question of malice involved in the case. Both the Silbermans testified that they were not on speaking terms with the Hicks family. These facts as well as the very nature of the litigation tended to show the prejudice and animosity of the Silbermans as to the Hicks family, and it would not have been proper to go into the merits of their prior disputes.
Appellant complains that the court did not instruct the jury as to the meaning of the words "share and occupy." The terms of the rental contract, or the contract itself, if there was a written contract, are not shown in evidence. But in any event, if those words required clarification defendant could have asked an instruction defining the meaning of "share and occupy the premises without consent of the *286 owner." In civil cases the court is not required to instruct upon any proposition of law arising in the case unless requested. Erickson v. Lundgren, Mo.Sup., 37 S.W.2d 629.
The case was fairly tried to the jury and the jury returned a verdict in favor of the complainant.
The appeal of plaintiff (being case No. 27809 of this court) is ordered dismissed for failure of the plaintiff to perfect her appeal. The judgment of the circuit court on defendant's appeal (being case No. 27810 of this court) is ordered affirmed.
ANDERSON, P. J., and McCULLEN, J., concur.