JAMESON et al.   v.   FOX.

No. 7068.

Springfield Court of Appeals.

Missouri.

May 18, 1954.

Lincoln, Lincoln, Haseltine & Forehand, Springfield, for appellant.

Farrington & Curtis, Springfield, Roy C. Miller, Marshfield, for respondents.

McDOWELL, Presiding Judge.

Charles Jameson and Raymond D. Silkey had judgment in the lower court for $500 damages, each, which, they claimed, resulted from an intersection collision between a milk truck, owned by Jameson and driven by Silkey, and a motor vehicle owned and driven by William M. Fox, defendant. From this judgment defendant appealed.

Plaintiffs' petition alleged both primary and humanitarian negligence. On the first count Jameson claimed damages in the sum of $500 to his truck and on the second count, Silkey claimed damages for $5,000 for personal injuries.

Defendant's answer was a general denial of the allegations of the petition and a counterclaim in two counts. In the first count defendant claimed damages in the sum of $15,000 for the death of his wife and, in the second count, $5,929.50 actual damages and $5,000 punitive damages for personal injuries to himself and for property loss. The counterclaim is based upon both primary and humanitarian negligence.

The evidence is that plaintiff Jameson owned a Ford milk truck and that Raymond D. Silkey was employed to drive the same; that defendant Fox owned a 1939 Chevrolet automobile; that a collision occurred in Webster County about 10:00 o'clock A.M., on November 10, 1949, at the intersection of an east-west gravel road, on which Silkey was driving east, and a north-south black top road, on which Fox was driving north.

Silkey testified that as he approached the black top road he stopped the milk truck three or four feet from the edge of the pavement, on the west side, and looked to the south first and then to the north, toward Mansfield, and saw no traffic approaching; that he put his truck in low gear and started across the black top road; that when he reached the center thereof, he looked south and saw defendant's automobile approaching. He gave this answer: "A. Well, I started across, and when I was out about the center of it I looked back towards Diggins and I seen the car coming, so I gave 'er gas to get out of the way, because I was over half way across, and there was no room for

him to get in front and I figured he could get around behind better than he could in front, for I was too far over."

The witness testified that when he saw defendant's car it was about the first hump to the south on the black top road; that defendant was driving 60 or 65 miles an hour. He said the car just went right under him like a stick of dynamite. He testified he just lacked about two or three feet of getting the truck across the highway when he was hit down in the corner of the cab behind the bed. He said defendant's car struck the truck in front of the dual rear wheels and turned it over on its left side. He stated the truck was practically off the black top.

As to defendant's car the witness gave this testimony:

"Q. Can you tell the jury, Mr. Silkey, where Mr. Fox's car was with reference to the east side of the black top when it hit your car? A. Yes, it was practically —it was off the black top, oh, looked to me like the hind wheels were still on. * * *"

The testimony shows that the black top road was 20 feet wide at the intersection and the gravel road at the intersection was about 20 or 25 feet wide. Plaintiff Silkey testified that when he stopped at the intersection of the road he could see to the south about 200 yards on highway "A"; that there was a little dip to the south, around 200 feet south of the intersection and then up a little hill or hump which was about 200 yards from the intersection.

The evidence shows that defendant was driving a 1939 Chevrolet; that he was driving on the east side of Highway "A" going north; that there were skid marks made by the application of the brakes on defendant's car 42 feet to the place of collision; that these skid marks showed the car went practically straight, possibly varying a little to the east and that defendant's car was just about the east edge of the pavement and plaintiff's truck was 27 feet from the center of the black top off on the gravel, turned on its side in the ditch. The evidence shows that there were drainage ditches on both sides of the black top road, about 3 feet deep and that there were drainage pipes under the road where the gravel road intersects. The evidence also shows there were some bushes where the gravel road intersects the black top road on the west side but that defendant could have seen plaintiff's truck from approximately a quarter of mile before he reached the intersection had he looked and it also shows that plaintiff could have seen defendant's car approaching a distance of a quarter of a mile. Plaintiff testified that at the time he saw defendant's car, 200 feet to the south, he was traveling about 8 or 10 miles an hour and that he thought he had about 8 or 9 feet to go to clear the highway. The milk truck was a Ford, with closed in bed, about 8 feet high, painted white with the truck part painted black.

There was testimony touching the extent of the injuries to both of the cars involved and as to personal injuries but we think, under the issues in the case, it is unnecessary to set this testimony out.

Defendant's testimony shows that defendant was traveling north, with four people in his car, at approximately 40 miles per hour; that plaintiff crossed the road, driving 20 or 30 miles an hour; that he did not stop at the intersection; that defendant was about 60 feet from the intersection when he saw the car; that he kept straight on his side of the road and testified that he saw defendant's truck come up over his hood. He states that plaintiff struck his car. There was testimony on the part of defendant that plaintiff Silkey admitted that he did not stop at the intersection but Silkey denied this. Defendant's testimony also shows that plaintiff put defendant's wife on the stand and showed that defendant had remarried since the accident, which, defendant claims, was solely introduced to prejudice the jury against defendant and saved his exceptions to the trial court's refusal to discharge the jury upon defendant's motion.

The defendant testified that the very second his vision caught the truck he could

tell that the truck was not going to stop but was going right on across the road. Defendant testified:

"Q. Making no effort to stop? A. No, sir.

"Q. And didn't stop? A. No. sir.

"Q. And you knew right at that time that that truck was going to go clear on across on that highway, didn't you? A. Yes, sir."

Highway Patrolman Wilson testified, for defendant, that the little hump in the road south of the intersection was about 50 yards from the intersection.

In this opinion we will refer to appellant as defendant and to respondents as plaintiffs, being the positions they occupied in the lower court.

The first allegation of error complains that the trial court erred in giving instructions numbered 2 and 3 on primary negligence because plaintiff, Silkey, was guilty of contributory negligence as a matter of law.

We agree with the contention of plaintiffs that the defense of contributory negligence as a matter of law is waived by a failure of the defendant to file a motion for a directed verdict and by a failure to assign the error in the motion for new trial. Under the facts of the case the question of contributory negligence was an issue for the jury.

In Gardner v. Stout, 342 Mo. 1206, 119 S.W.2d 790, 792, the court made this statement of law:

"Defendant Schroeder was not included in this requested instruction and no demurrer to the evidence was requested on his behalf. His failure to demur to the evidence and his voluntary submission of the case to the jury by instructions amounted to an admission that a jury case was made against him."

In Silberman v. Hicks, Mo.App., 231 S.W.2d 283, 285, sub-section (3) the court states the law:

"Appellant recognized that it was a question for the jury on both issues, and therefore he did not seek to take complainant's case from the jury by moving for a directed verdict, but took his chances on a favorable verdict at the hands of the jury. Under such circumstances appellant is now precluded from claiming on appeal that a submissible case was not proven by complainant. Hauber v. Gentry, Mo.Sup., 215 S.W.2d 754, loc. cit. 759; Rogers v. Poteet, 355 Mo. 986, 199 S.W.2d 378, loc. cit. 386; Clay v. Owen, 338 Mo. 1061, 93 S.W.2d 914."

However, we find upon an examination of the record that there is no merit in defendant's allegation of error herein. It is the law that each case is decided upon its own facts. The testimony of plaintiff, Silkey, is that he stopped his truck 3 or 4 feet from the edge of the black top road at the intersection; that he looked to the south and saw no traffic coming; that he could see 200 yards. He then put his car in low gear and started across the road and when he reached about the center of the road he looked to the south and saw defendant's car approaching at a speed of 60 or 65 miles per hour. When he first saw defendant's car it was 200 feet from the intersection and plaintiff had only about 9 feet to go to clear the highway. Plaintiff stated he was traveling from 8 to 10 miles an hour. Under this testimony, plaintiff could not be held to be negligent as a matter of law. While this testimony is in conflict with defendant's testimony, he testifying that plaintiff's driver did not stop at the intersection but came into the road driving 25 to 30 miles an hour and that he was some 60 feet away when plaintiff entered the intersection and immediately applied his brakes, leaving skid marks 42 feet to place of collision, and further defendant testifying that he was driving only 35 or 40 miles an hour, would make the question of contributory negligence a question for the jury.

In Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972, 975, the court states this principle of law:

"* * * Contributory negligence as a matter of law can seldom be established by oral testimony offered solely by defendant. Usually it must appear in plaintiff's case, or be established by testimony on the part of defendant which plaintiff concedes to be true, or by documentary evidence or proof of facts or circumstances by defendant which leave room for no other reasonable inference. State ex rel. Thompson v. Shain, 349 Mo. 1075, 163 S.W.2d 967. * * *"

An examination of authorities cited by defendant which hold plaintiff was guilty of contributory negligence as a matter of law reveals the facts to be entirely different from the facts in the case at bar. We find against defendant in this allegation of error.

The second allegation of error complains of the giving of instruction numbered 2:

"A" Because it placed a duty upon the defendant to stop, slow or swerve his car when he saw or could have seen plaintiff's vehicle regardless of the position of the vehicle, position of peril, and regardless of the surrounding circumstances.

"B" Because it directs the jury to find for plaintiff without requiring the jury to find that defendant negligently failed to keep a vigilant lookout or negligently failed to stop or swerve his automobile.

"C" Because the court failed to hypothesize facts necessary to a determination that defendant was negligent in a conflicting and complicated factual situation.

"D" Because both general and specific negligence is submitted.

Plaintiffs' petition relies upon four specific grounds of negligence for recovery.

(a) That defendant operated his automobile at a high and dangerous and excessive rate of speed;

(b) That he failed to keep a vigilant and diligent outlook ahead and laterally;

(c) That he failed to keep his vehicle under proper control so that said automobile could be slowed down, turned or stopped as occasion might require;

(d) That he failed to stop, swerve or slacken the speed of his said automobile when he saw or could have seen plaintiff's vehicle in time to have stopped, swerved or slackened speed and avoided the collision.

Plaintiffs' theory under primary negligence was presented in instruction No. 2, the essential part of which reads as follows:

"You are further instructed that if you find and believe from the evidence in this case that the defendant, at the time and place mentioned in evidence, failed to exercise the highest degree of care in the operation of his motor vehicle, and failed to keep a vigilant lookout ahead for persons and vehicles upon the roadway in front of him, and failed to keep his said motor vehicle under proper control so that it could be slowed down, turned or stopped, as the occasion might require, and that the defendant failed to stop, slacken the speed of and swerve his said motor vehicle when he saw or could have seen plaintiff's vehicle, if you so find, in time and with safety to his car and its occupants to have stopped, swerved and slackened the speed of the said automobile, and thereby have avoided the collision with plaintiff's motor vehicle, if you so find, and if you find from the evidence that as a direct result thereof the defendant's automobile collided with the plaintiff's motor vehicle and damaged the same and injured the plaintiff, Raymond Silkey, then your verdict will be for the plaintiff, Raymond Silkey, on the second count of his petition unless you find against said plaintiffs on the issue of contributory negligence as outlined in other instructions herein."

██ Plantiffs contend that this allegation of error is not properly before the court for review because, in the motion for new trial, defendant elected to attack the instruction with particularity, and under

the law is confined to the specific objections leveled against it in his motion for new trial.

The law is that where the defendant in a motion for new trial, attacks an instruction with particularity he will be confined to the specific objections leveled against it. White v. St. Louis Public Service Co., Mo. App., 249 S.W.2d 498, 500; Sterrett v. Metropolitan St. Ry. Co., 225 Mo. 99, 123 S.W. 877; Mitchell v. Russell, Mo.App., 170 S.W.2d 137; Newkirk v. City of Tipton, 234 Mo.App. 920, 136 S.W.2d 147.

In defendant's motion for new trial specific objections were made to instruction No. 2 for the reason that it was not supported by the evidence; that it allowed the jury to find against defendant if the defendant failed to stop, slacken the speed of and swerve his car when he saw or could have seen plaintiff's vehicle in time and with safety to his car and occupants, without requiring the jury to find that the defendant could have done so with the means at hand; that it allowed the jury a roving commission to fasten negligence on the defendant; that it combined primary negligence and humanitarian negligence theory in the same sentence and in the conjunctive and makes the instruction misleading and confusing and makes it conflict with itself; that the instruction is not a correct statement of the humanitarian theory of negligence.

We think this objection is well taken. Defendant now complains of the instruction for entirely different reasons than those assigned in the motion for new trial.

Defendant's allegation of error No. III complains of the action of the trial court in the giving of instruction No. 3 for three reasons:

1. Because it conflicts with instruction No. 10 given by the court.

2. Because it directs a verdict for plaintiffs without requiring the jury to find defendant negligently failed to yield the right-of-way.

3. Because it is not supported by the facts.

Instruction No. 3 reads as follows:

"The Court instructs the jury that if you find and believe from the preponderance or greater weight of the credible evidence that the plaintiff's motor vehicle entered the roadway intersection mentioned in evidence ahead of and before the defendant's car entered said intersection, and if you find that in entering and proceeding across said intersection the plaintiff, Raymond Silkey, exercised such care as a very careful and prudent person would ordinarily exercise under the same or similar circumstances, then you are instructed that plaintiff's said motor vehicle had the right of way over the defendant's automobile even though the defendant's automobile was at that time approaching the intersection from the right of plaintiff's motor vehicle, and you are further instructed that if you find that the defendant's automobile collided with the plaintiff's vehicle at said intersection under the circumstances above mentioned, and that as a direct result thereof the motor vehicle of the plaintiff, Charles Jameson, was damaged and that the plaintiff, Raymond Silkey, was injured, then your verdict will be for the plaintiff, Charles Jameson, on Count I of his petition and for the plaintiff, Raymond Silkey, on Count II of his petition."

We find there is no merit in the first contention raised. Instruction No. 3 presents a theory of negligence where plaintiff's car reaches an intersection before that of defendant and, by the highest degree of care, has the right to proceed or the right-of-way. Instruction No. 10 is presented under the statutory rule that where two cars arrive at an intersection at approximately the same time, the car on the right has the right-of-way or the right to proceed.

Defendant's second objection to the instruction is that it directs a verdict for plaintiffs without requiring the jury to find defendant negligently failed to yield the right-of-way.

In Ross v. Wilson, 236 Mo.App. 1178, 163 S.W.2d 342, 347, the law is stated:

"* * * It is the law as declared in the above cases that a driver of a motor vehicle who first reaches an intersection does not have an absolute and unqualified right to proceed across the intersection under any and all circumstances and regardless of the conditions which may confront him. However, the instruction in question does not tell the jury that plaintiff and her driver had an unqualified right to proceed merely because plaintiff's car reached the intersection first. As a predicate for finding that plaintiff's car had the right to proceed across the intersection the instruction required the jury to find 'that in entering and proceeding across said intersection Marion Ross and Irene Ross exercised such care as very prudent and careful persons would have exercised under the same or similar circumstances.' * * *"

The instruction in the case at bar seems to have followed this instruction as far as the instruction is given and we think the instruction is sufficient as presenting to the jury the question of the right to proceed across the intersecting highway.

In Higgins v. Terminal R. Ass'n of St. Louis, 362 Mo. 264, 241 S.W.2d 380, 387, the following law is stated:

"* * * It is true that, if an instruction, purporting to cover the whole case and authorizing a verdict, leaves out any facts necessary to be found before the plaintiff is entitled to recover, it is erroneous; and, if such essential fact is left out, it is not cured by another instruction requiring the finding of such fact. * * *"

There is no question but what this instruction purports to cover the whole case. It tells the jury that if they find that plaintiff reached the intersection first and proceeded to cross, and, in doing so, exercised the highest degree of care, they must find that plaintiffs had the right-of-way and then it tells the jury that if they find that defendant's automobile collided with plaintiff's truck at said intersection under the above circumstances, their verdict will be for plaintiffs.

Defendant contends that it is not enough to tell the jury that if plaintiffs exercised the highest degree of care in entering and crossing said intersection, they had the right-of-way, but it contends that the jury should have been told what facts must be found to constitute negligence on the part of defendant. In other words, it is defendant's contention that the jury is left to speculate and conjecture as to the facts which would constitute negligence on the part of defendant.

We do not, however, agree with defendant that the instruction had to negative contributory negligence on the part of plaintiffs because the instruction used the language which required plaintiffs to use the highest degree of care and, therefore, negatived plaintiffs' being contributorily negligent. Ross v. Wilson, supra; Wheeler v. Breeding, Mo.App., 109 S.W.2d 1237, 1243.

In the last cited authority it was held that the fact that the jury was required to find that plaintiffs used the highest degree of care in entering and crossing the intersection raised a duty on the part of defendant to yield the right-of-way to plaintiffs.

Now if the facts were sufficient to require the jury to find that plaintiffs had the right-of-way and that it was a duty on the part of defendant to yield the right-of-way and that defendant drove his automobile into plaintiff's truck, we think that would be a sufficient finding of facts that the defendant failed to yield the right-of-way.

In Raymond on Missouri Instructions, Vol. 1, page 14, Sec. 5, the law is stated:

"An instruction submitting a charge of negligence or contributory negligence to the jury must specify what facts are necessary to be found to support the charge of negligence. Such an instruction must give the jury guidance as to the specific acts or omissions, which, under the law, will constitute negligence. Where all the essential facts constituting negligence on the

part of a defendant are required by an instruction to be found by it as a prerequisite to a verdict in plaintiff's favor, the fact that such an instruction does not require the jury to find that such facts, if found, constitute negligence is immaterial. The law draws the conclusion in such case. However, unless the facts hypothesized, as a matter of law, constitute negligence and there is no room for conflicting inferences the jury should be required to determine whether such facts constitute negligence on the part of the defendant."

Under this law the instruction in the case at bar required the finding of such facts as constitute negligence; that is, that the plaintiffs had the right-of-way to proceed across the intersection; that defendant so operated his car as to collide with plaintiff's car while so crossing in violation of a duty to yield the right-of-way. These were sufficient facts upon which to base recovery and it was unnecessary to find that such facts constituted negligence on the part of defendant. Rooney v. Yellow Cab & Baggage Co., Mo.App., 269 S.W. 669, 670, 671.

■ We find against defendant on the third objection to this instruction. There were ample facts in the record to support the instruction.

■ There was a serious objection to this instruction which was not made by the defendant. That is, that this ground of negligence was not pleaded in the petition. However, no objection was made and the matter is not before the court.

■ Defendant complains in allegation of error No. IV that the trial court erred in giving instruction No. 1 on humanitarian negligence because the evidence does not support such submission.

The allegation of error is not properly before the court. We agree with plaintiffs' contention that in order to properly preserve the issue, it was necessary for the defendant to raise the question of the sufficiency of the evidence by motion for directed verdict, either at the close of plaintiff's case or at the close of all of the evidence. Silberman v. Hicks, Mo.App., 231 S.W.2d 283, and cases cited therein.

■ In allegation of error No. V, defendant complains of the giving of instruction No. 12 because it charges defendant with contributory negligence when there is no evidence to support it, and because it does not hypothesize sufficient facts and because it does not require a jury to find defendant negligently failed to slow down, or stop or swerve his car and because it fastens upon defendant a duty to stop or swerve his car upon sight of the plaintiff's truck and to avoid the collision because it incorporates the terms of instruction No. 3, which is confusing because it assumes that defendant failed to exercise the highest degree of care.

We think it unnecessary to pass upon this allegation of error because the jury found for plaintiffs. If there were error committed in this instruction it was harmless.

■ Defendant complains in allegation of error No. VI of the giving of instruction No. 14 because it is an improper and incomplete statement of the statutory presumption, because it is not supported by the evidence, because it directs a verdict for plaintiffs if defendant drove his car in excess of 25 miles per hour prior to the collision and because it does not require the jury to find that defendant was negligent.

In Section 304.010 RSMo 1949, V.A. M.S., it is provided:

"Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person, provided that a rate of speed in excess of twenty-five miles an hour for a distance of one-half mile shall be considered as evidence, presumptive but

not conclusive, of driving at a rate of speed which is not careful and prudent, but the burden of proof shall continue to be on the prosecution to show by competent evidence that at the time and place charged the operator was driving at a rate of speed which was not careful and prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the highway and the location with reference to intersecting highways, curves, residences or schools; * * *."

We think that the giving of this instruction was error. The facts do not justify the giving of the instruction. Under the evidence in the case the jury, in no way, could have been aided by such a finding. It is an elementary principle of law that a presumption fades out of the case when evidence is introduced. However, we cannot find that the error committed is reversible error. It was merely a harmless error. The instruction should not have been given.

Allegation of error No. VII complains of the admitting of evidence of the defendant's remarriage and the placing of defendant's second wife on the stand in rebuttal to show that defendant was remarried and in failing to discharge the jury upon motion made by the defendant.

Defendant cites Davis v. Springfield Hospital, 204 Mo.App. 626, 218 S.W. 696, 700, to support his contention.

This case holds that a subsequent marriage is not to be considered in mitigation of damages in an action by the widow for the death of her husband.

There is no question that such evidence is not admissible where the widow sues for damages for the death of her husband to mitigate the damages. However, in the case at bar plaintiffs put the defendant's wife on the stand in an attempt to refute defendant's testimony as to the condition of his jaw and ability to eat, which defendant had attempted to testify about in showing his physical condition after the wreck. In this case, the jury found for plaintiffs.

We think that the admission of this testimony was within the discretion of the court and not reversible error.

Judgment affirmed.

BLAIR and ALLISON, JJ., concur.